PRISCILLA MURPHY, RESPONDENT, *v.* OSCAR W. MOYLE, EXECUTOR, APPELLANT.

1. *Divorce—Alimony or Support for Children—Rule at Common Law.*

The rule that the death of the husband puts an end to the payment of alimony, or money for the support of minor children, was applicable at common law to a divorce a mensa et thoro, which did not finally terminate the marriage relations, but merely effected a separation, without disturbing the marital rights and obligations; but it does not necessarily apply to a decree of divorce, granted under the statutes of this state, which has the same effect upon the marriage relations and marital rights and obligations as a divorce a vinculo matrimonii at common law.

2. *Id.—Statute—Continuance of Alimony after Death of Husband.*

Whether the divorced wife and minor children, where, by virtue of statute, alimony or money for their support has been awarded upon a decree of absolute divorce terminating the marriage relations, are entitled to have payment thereof continue after the death of the husband, depends on the nature and terms of the decree allowing the same.

3. *Id.—Statutory Construction—Decree.*

A decree made in a divorce suit, under section 2606, Comp. Laws 1888, that the mother shall have the care and custody of the minor children, and that the father shall pay a certain

17 UTAH—8

sum monthly towards their support during their minority, is not discharged by his death, but its performance may be enforced out of his estate, for the time of minority.

4. *Id.—Security.*

Where there is danger that the husband will dispose of his property by conveyance, or squander it, so that nothing will remain upon which the decree can operate, the court may properly require him to furnish security for its performance.

Miner, J., dissenting.

(No. 927. Decided June 28, 1898.)

Appeal from district court, Salt Lake county; Ogden Hiles, *Judge.*

Action by Priscilla Murphy against Oscar W. Moyle, executor of the will of Jesse J. Murphy, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. H. Moyle* and *O. H. Moyle*, for appellant:

But if the decree provides that it should be paid during her minority it would be understood to cease with the death of the father, because then his obligations to provide for his children ceased. *Field* v. *Field*, 66 Howard Practice 346.

Our statute after the death of the father, makes provision for the children out of his estate. Compiled Laws Utah, 1898, secs. 3846 and 2828; *Younger* v. *Younger*, 39 Pac. (Cal.) 780.

And the children take the allowance whether or not the deceased dies testate or intestate, solvent or insolvent. Compiled Laws, *supra*, sec. 3846; Woener American Law of Administration, Vol. 1, sec. 82 and cases; Schouler Executors and Administrators, Sec. 455.

It is elementary that the amount of alimony and support money given in divorce depends upon the faculties of the husband, and his faculties are, in general, determined almost wholly by the income of the husband. Bishop on Marr., Div. and Sep., Vol. II., sec. 894, *et. seq.*, and cases cited; *Field* v. *Field,* 66 Howard Practice 346.

As the faculties of the husband change, alimony and suit money may be increased or cut down. Bishop on Marriage, Divorce and Separation, Vol. II, secs. 1216, 1217, 1218, and cases cited.

A decree granting alimony is made on the conditions and circumstances as they then exist, and leave the future for future determination. *Shammell* v. *Shammell,* 38 Pac. 729, s. c. 105 Cal.; *Greenleaf* v. *Greenleaf,* 61 N. W. R 42; *Younger* v. *Younger,* 39 Pac. 779.

Even if attempt had been made by the court in the decree in question to have made it final and beyond change, such provision would have been void. *Campbell* v. *Campbell,* 37 Wis. 220; *Coad* v. *Coad,* 41 Wis. 23; *Thomas* v. *Thomas,* 41 Wis. 222; *Kempter* v. *Evans,* 81 Wis. 253; *Stillman* v. *Evans,* 99 Ill. 196.

By all the rules of construction of the decree itself, the decree was not intended to operate and did not operate after death, and is not binding on the creditors and heirs of Jesse J. Murphy, deceased. *Lennahan* v. *O'Keefe et al.,* 107 Ill. 620; *Field* v. *Field,* 66 Howard Practice, 346. In *Lennahan* v. *O'Keefe, supra.*

*Alimony is merely a personal duty of the husband and continues only during the joint lives of the parties. It ends when the husband dies.*

*Maxwell* v. *Sawyer,* 90 Wis. 352; *Field* v. *Field,* 66 Howard Practice 346; *Briggs* v. *Briggs,* 24 South Carolina 377, 382; *Knapp* v. *Knapp,* 134 Mass. 353, 355; *Dewes* v. *Dewes,* 55 Miss. 315; *Casteel* v. *Casteel,* 28 Ark. 477; *Lennahan* v.

*O'Keefe,* 107 Ill. 620; *Rogers* v. *Vines,* 6 Ired, New York 293; *Gaines* v. *Gaines,* 48 Am. Dec. 425, 429; *Lockridge* v. *Lockridge,* 28 Am. Dec. 52.

The presumption is that alimony ceases with the death of the husband. *Field* v. *Field,* 66 Howard Practice 346; *Maxwell* v. *Sawyer,* 90 Wis. 352; *Lennahan* v. *O'Keefe,* 107 Ill. 620; *Casteel* v. *Casteel,* 38 Ark. 477; *Briggs* v. *Briggs,* 24 South Carolina 382; Encyclopedia of Pleading and Practice; Vol. I, page 429, note 3, and cases last cited, *supra.*

And the giving of alimony does not cover support money, or maintenance for the support of the child. *McKay* v. *Superior Court et al.,* 52 Pac. 147, Adv. S; *Wilson* v. *Wilson,* 45 Cal. 399; *Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456; Bishop Marr. Div. and Sep. Vol. 2, sec. 1212, 1214.

*Ferguson & Cannon,* for respondent.

BARTCH, J.:

This action was instituted by the plaintiff against the defendant, as executor of the last will and testament of Jesse J. Murphy, deceased, and involves the sum of $447, claimed by virtue of a decree, and subsequent modification thereof, made by the district court of the late territory of Utah, in an action for divorce brought by defendant's testate against the plaintiff. In that case the defendant (plaintiff herein) filed a cross complaint, and a decree was granted in her favor on her cross complaint, by which the bonds of matrimony existing between the parties were dissolved, and a certain sum of money decreed to be paid monthly, by the defendant therein, to the plaintiff, for the support of their two minor children, during their minority, and until they would be of age. To secure the payment of such sum, it was decreed to be a lien on certain property of the plaintiff in that suit. The

decree was afterwards so modified as to require payment of but one-half of the original sum, and this was to be for the support of the child in whose behalf this suit was brought. Since the death of the testate, payment has been refused by the executor, who also refused to allow the claim above mentioned. At the trial of this cause, the court rendered judgment in favor of the plaintiff, directing that the "defendant, as executor of the last will and testament of Jesse J. Murphy, deceased, pay to the clerk of the court, for the use of the plaintiff, the sum of $447, to be paid by said clerk to the plaintiff in the following manner: The sum of $216 to be paid as soon as received by said clerk; the sum of $6 per month on the first day of April, 1897; the sum of $6 per month on each succeeding month thereafter until May 15, 1900, for the care, support and education of Clara Murphy, the minor daughter of the deceased, to be paid to plaintiff while said minor is under age, and in the care and custody of plaintiff,"—and further decreed that the plaintiff had a lien on the property described in the decree, made in the divorce proceedings, and ordered the same to be sold to satisfy the lien, and the proceeds to be turned over to the clerk of the court, and that, if the proceeds were insufficient to pay the amount, the executor should pay the deficiency. Judgment was also given for costs.

The material question to be determined is whether, under the decree made in the proceedings for divorce, as afterwards modified, and under the law, the court was authorized to make the decree in controversy herein. Counsel for the appellant contend that the payment of the money for the support of the minor child could not be enforced after the death of the testate. The rule which counsel would here invoke was doubtless applicable at

common law to a divorce a mensa et thoro, which did not finally terminate the marriage relation, but merely effected a separation, without disturbing the marital rights and obligations; but it does not necessarily apply to a decree of divorce granted under the statutes of this state, which has the same effect upon the marriage relations and marital rights and obligations as a divorce a vinculo matrimonii at common law. In such case, whether or not the divorced wife and minor children, or any of them, are entitled to have the payment of alimony or money for their support continue after the death of the deceased, depends on the nature and terms of the decree allowing the same. In the case at bar, the original decree of divorce, after declaring the bonds of matrimony existing between the parties dissolved, and awarding the care, custody, and control of their minor children (who are therein mentioned as Priscilla Ellen Murphy and Clara Jane Murphy) to the defendant, the plaintiff herein, respecting the matter of support for them, provides as follows: "It is further ordered, adjudged, and decreed by the court that the defendant have and receive from the plaintiff the sum of $12 per month permanent alimony and support for her said minor children, the said amount to be paid to her by the plaintiff on the first day of each and every month during the minority of said children, and until they become of age, and that, as security for the payment thereof, the defendant have a lien" upon certain premises and property described in the decree. It will be noticed that by this decree the plaintiff was required to pay the sum of $12 per month alimony and support for their two minor children during their minority, and there is no other limitation than their minority, and that a specific lien was placed on certain property to secure the payment of such sum. The

divorce granted was absolute, and severed all marital relations; and the children during their minority had no other recourse against their father or his estate for support than that provided in the decree, unless by the order of the court. Afterwards this decree, in respect to the support of the minor children, was modified, as follows: "It is therefore hereby ordered, adjudged, and decreed that said former decree entered in this case, June 24, 1890, be, and the same shall be, and is, modified as follows: That said defendant shall have the care and custody of the said minor child Clara Murphy, and the said plaintiff shall pay to the said defendant, for the support and maintenance of said Clara Murphy, the sum of $6 each month. And it is further ordered that said decree entered June 24, 1890, is hereby further modified so that the lien provided for on said three-quarters of lot 24 in block 4, and the portion of lot 3, in said Ogden City survey, county of Weber, territory of Utah, is hereby set aside and dissolved so far as modified, and shall stand for naught; and said lien is retained and continued as follows: Defendant shall still have a lien on the following portion of said lot, and that only to secure the payment of said $6 per month for the support of said minor child." The property to be affected by tne lien, and which is in this action ordered to be soₗd, is tnen described. This modified decree simply cuts off the support to one of the children and it does not materially affect the force of the former decree as to the other. It does not in express terms require payment during minority, but the former decree does; and it will be noticed that the original decree is set aside and held for naught only "so far as modified." Therefore, construing tho two decrees together, it becomes apparent that the intention was to provide for the support of the child, mentioned in the modified decree, during 'minority; and this

is the manifest intention indicated by the modified decree. Were, then, these decrees, and especially the provisions thereof respecting the children, made in pursuance of law?

Section 2606, Comp. Laws Utah 1888, so far as material here, reads: "When a divorce is decreed, the court shall make such order in relation to the children and property of the parties, and the maintenance of the wife, and such portion of the children as may be awarded to her, as may be just and equitable: * * * provided, further, that when it shall appear to the court at a future time, that it would be for the interest of the parties concerned, that a change should be effected in regard to the formal disposal of children or distribution of property, the court shall have power to make such change as will be conducive to the best interest of all parties concerned." This statute is broad and comprehensive. Under it the court has power to make such a decree as the circumstances may warrant, and doubtless, if there is danger of the father squandering the estate, or if, from hostility or other cause he is likely to refuse maintenance to his wife, or support to his children awarded to her, and thus leave the children to be supported by the mother without aid from his estate, the court may make such order, respecting the property and the support and maintenance of the wife and children, as is just and equitable, and such order or decree may be made to continue in force after his decease; and the court may afterwards, if occasion shall require it, make such change in any decree as "will be conducive to the best interest of all parties concerned." The court may also properly require the husband to furnish security where there is danger that he will dispose of his property by conveyance or squander it, so that nothing will remain upon which the decree can operate. Test-

ing, therefore, the original and modified decrees by the terms of the statute, it is evident that they were both authorized, and created an obligation to pay and a lien on the property described in the modified decree as security for payment in accordance with the terms of the decrees, which obligation and lien continued in force after the death of the deceased, and bound his estate. Such lien was subject to foreclosure for failure to make payment of the sum stipulated at any time during the minority of the child. It could be foreclosed the same as any other lien for the purpose of enforcing payment. In *O'Hagan* v. *O'Hagan's Ex'r*, 4 Iowa, 509, with reference to a decree of divorce fixing a certain allowance as alimony to the wife for life, it was said: "This decree has the same force and validity as any other judgment, and may be collected in the same manner. It is a fixed, ascertained, and subsisting debt against him, and upon his death, against his estate.

Nor was it improper, under the terms of the original and modified decrees, for the court in this case to decree the property to be sold, and the proceeds applied to the payment of a sum, equal in amount to that which was ordered to be paid during the minority of the child, and have the same paid to the clerk of the court, to be paid by him to the plaintiff as it becomes due. The court had the right to enforce the former decrees, and foreclose the lien upon failure of payment! and its power to do so was not affected by the death of the testate, and, if the proceeds shall be insufficient to satisfy the claim, it may enforce payment of the balance out of the estate. *Miller* v. *Miller*, 64 Me. 484; *Storey* v. *Storey*, 1 L. R. A. 320; *Carson* v. *Murray*, 3 Paige, 483; *Burr* v. *Burr*, 7 Hill, 207; *Stratton* v. *Stratton*, 52 Am. Rep. 779. The cases cited by appellant do not appear to be in ɪoint under our

statute and the decree of divorce herein considered, and therefore we do not deem it important to review them.

We cannot sanction appellant's contention. It is unsound, as being at variance not only with the decrees of the court and the law, but also with justice for it is the solemn duty of every husband and father to support his wife during life, and his children during their minority, suitably to their station in life, and, if he fail to do so, every principle of justice demands that they be thus supported out of his estate. This is, doubtless, what the court endeavored to do in this case, as is apparent from an examination of the several decrees. We are of the opinion that the decree in the case at bar is valid, and, as there is no reversible error in the record, the judgment must be affirmed. It is so ordered.

ZANE, C. J., concurs.    MINER, J., dissents.