[Sac. No. 2187.   Department Two.—October 28, 1915.]

L. AGNES MILLER, Appellant, v. CORA E. MILLER, Executrix, and ERNEST H. MILLER, Executor of the Last Will of E. O. Miller, Deceased, Respondents.

[Sac. No. 2188.   Department Two.—October 28, 1915.]

ELIZABETH N. MILLER, Appellant, v. CORA E. MILLER, Executrix, and ERNEST H. MILLER, Executor of the Last Will of E. O. Miller, Deceased, Respondents.

ESTATE OF DECEASED PERSON — CONTINGENT CLAIM — AGREEMENT FOR ANNUITY — ACCRUAL OF RIGHT OF ACTION. — A rejected claim against the estate of a decedent, based upon a written agreement whereby the deceased bound himself while living and charged his estate, in the event of his prior death, to deposit a specified sum of money in bank on a certain day of each year for the benefit of his mother and sister, cannot be sued on until after the date upon which the next installment was payable under the terms of the instrument.

ID.—HAPPENING OF CONTINGENCY ESSENTIAL TO RIGHT OF ACTION.— Although it is proper to present a contingent claim against the estate of a deceased person before it becomes due, an action thereon may not be maintained until after the happening of the contingency.

ID.—SEGREGATION OF FUNDS TO PROVIDE FOR CONTINGENT CLAIM.—Such contingent claim may not be the basis of segregated funds created in advance of any liability under the provisions of section 1648 of the Code of Civil Procedure.

APPEALS from judgments of the Superior Court of Tulare County.   J. A. Allen, Judge.

The facts are stated in the opinion of the court.

Flint, Gray & Barker, and Gray, Barker & Bowen, for Appellants.

Lamberson, Burke & Lamberson, and Power & McFadzean, for Respondents.

MELVIN, J.—These two actions, which are substantially identical, were brought by the mother and the sister respectively of E. O. Miller, deceased. The actions were based upon the rejection of claims against the estate of said E. O. Miller. In each case the court sustained a demurrer to the complaint without leave to amend and the appeals are from the judgments of dismissal which followed.

The facts set forth in the complaints are substantially as follows:

E. O. Miller and his two brothers signed a writing by which each agreed to deposit $480 in a certain bank on October 15th of each year. From the fund so created Elizabeth N. Miller was to draw seventy dollars and L. Agnes Miller fifty dollars on the first of each month. The closing paragraph of the written instrument was as follows:

"We consider this agreement binding upon us while living and chargeable against our several estates in case we should predecease said or either of said beneficiaries."

During the lifetime of E. O. Miller the payments were regularly made as contemplated by the agreement and after his death one payment was made on behalf of his estate. Before the 15th of the following October the plaintiffs in these actions filed claims against E. O. Miller's estate. The said claims were for "moneys to become due and payable" each year, on October 15th, "as per the attached agreement," which was fully set forth. The claim was rejected by the executrix and the executor of E. O. Miller's estate and suit was instituted to establish the right of each plaintiff to the allowance of her demand as a contingent claim against the said estate.

Respondents urge two principal points in support of the court's ruling. They assert that the action was prematurely brought and that the writing being testamentary in character and not executed with the necessary forms prescribed for the execution of wills, no rights against the estate of E. O. Miller were created.

Respondent's position respecting the first contention is sustained by the code and the authorities. It is provided by section 1498 of the Code of Civil Procedure that an action upon a rejected claim must be commenced within two months after it becomes due, and these actions were instituted before the 15th of the October, upon which the next installment was payable under the terms of the instrument. This section has

been interpreted in *Morse* v. *Steele*, 132 Cal. 458, [64 Pac. 690], and *Brooks* v. *Lawson*, 136 Cal. 10, [68 Pac. 97]. In those cases it is distinctly held that although it is perfectly proper to present a contingent claim before it becomes due, an action thereon may not be maintained until after the happening of the contingency.

Appellants assert that the statute and the authorities cited above do not apply to the facts of these cases at bar, and that the opinions in the cases upon which respondents rely are at variance with the provisions of section 1648, Code of Civil Procedure. That section, so far as invoked by plaintiffs, is as follows: "If there is any claim not due, or any contingent or disputed claim against the estate, the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, established, or absolute, must be paid into the court, and there remain, to be paid over to the party when he becomes entitled thereto; or, if he fails to establish his claim, to be paid over or distributed as the circumstances of the estate require. If any creditor whose claim has been allowed, but is not yet due, appears and assents to a deduction therefrom of the legal interest for the time the claim has yet to run, he is entitled to be paid accordingly."

The claim of each plaintiff was of such nature that the court could not by any possibility determine what it would be in amount if established or absolute. If Mrs. Miller and her daughter both should have died before the next installment of money should have been due under the agreement, nothing would ever have been payable by the estate in any view of the contract and the obligations or alleged obligations created by it. Therefore no duty of the executrix and the executor or the court to set aside a fund for the payment of the annuities to the plaintiffs was created. A court may not, under this section (1648, Code Civ. Proc.), ascertain the probable deficiency upon the foreclosure of a mortgage against land belonging to the estate and create a fund for the payment of such deficiency (*Estate of McDougald*, 146 Cal. 200, [79 Pac. 875]), and *a fortiori* claims so purely contingent as these may not be the bases of segregated funds created in advance of any liability. Neither *Verdier* v. *Roach*, 96 Cal. 467, [31 Pac. 554], nor *Fratt* v. *Hunt*, 108 Cal. 288, [41 Pac. 12], cited by appellants, is in conflict with this conclusion. Both cases support the rule that contingent claims, like those

which are due, must be presented to the executor. And it is suggested, particularly in the opinion in the former, that the equity side of the court may be invoked to protect the owners of contingent claims which will mature after the period within which distribution may take place. But these complaints before us are not bills in equity. While each asks for a determination of the status of the claim upon which suit is brought, each is frankly based upon a rejected demand for moneys not yet due, and there is neither pleading nor prayer with reference to the condition of the estate, the ability of the defendants to provide for future payments nor the desirability of creating a fund to meet the annual demands of the plaintiffs. Nor is any reason set forth why the action was brought before any part of the alleged claim became due. Moreover, to force a prepayment of a part in advance of the due date of the whole amount would do violence to the very terms of the contract sued on. There was no breach until the date of payment arrived. The court, therefore, properly sustained the demurrer. Our conclusion on this branch of the cases makes it unnecessary for us to consider the other questions raised and discussed in the briefs.

The judgments are affirmed.

Henshaw, J., and Angellotti, C. J., concurred.

Hearing in Bank denied.