[L. A. No. 9421.   In Bank.—March 14, 1927.]

In the Matter of the Estate of ELMER LEON SMITH, Deceased. EDITH SMITH, Respondent, v. ELLA P. SMITH et al., Appellants.

[1] DIVORCE—SUPPORT OF MINOR CHILD—LIEN—CONSTRUCTION OF DECREE.—In an action for divorce, where the court ordered a deed of trust owned by the defendant (which the latter had deposited with a bank and had given an order to the bank to pay the amounts falling due thereon to the minor child of the parties) to be held for security for the payment of certain amounts provided in the interlocutory decree to be paid to the wife for the support of said child, the order created a lien on the indebtedness secured by the trust deed; and where it appears that the full amount unpaid under said trust deed will be necessary for a compliance with said order during the minority of said child, the lien takes priority over a subsequent order of the probate court setting aside the property to the widow of the deceased under section 1469 of the Code of Civil Procedure.

[2] ID.—SECURITY FOR PAYMENT OF SUPPORT—SECTION 140, CIVIL CODE—POWER OF COURT.—Under section 140 of the Civil Code the court has power in an action for divorce to require the husband to give reasonable security for the payment of money ordered by the court.

[3] ID.—ORDER FOR SUPPORT OF MINOR CHILD—CONTINUANCE AFTER DEATH OF PARENT.—Where the court in an action for divorce orders the husband to pay a certain amount to the wife for support of their minor child during minority, and imposes a lien upon the property of the husband as security for the payment, the order remains in force after the death of the husband during the minority of the child or until the order is modified by the court.

[4] ID.—ORDER SETTING ASIDE WHOLE ESTATE TO WIDOW—JURISDICTION.—An order in probate setting aside all the property of the estate of a decedent to the widow cannot be construed as an order modifying an interlocutory decree of divorce against the decedent which ordered payment by the latter to his wife of a certain amount for the support of their minor child and imposed a lien upon certain property as security for such payment, as the probate

2.  See 1 Cal. Jur. 1045.
3.  Death of husband as affecting alimony, note, 18 A. L. R. 1040.

court has no jurisdiction over divorce court proceedings and is without power to modify any order or decree rendered in the divorce action.

(1) 3 C. J., p. 895, n. 52; 19 C. J., p. 358, n. 53; 31 C. J., p. 1149, n. 86.   (2) 19 C. J., p. 360, n. 97 New; 37 C. J., p. 306, n. 8.   (3) 19 C. J., p. 360, n. 7, 8, 10.   (4) 19 C. J., p. 164, n. 91, p. 359, n. 82 New.

APPEAL from an order of the Superior Court of Los Angeles County. Sidney N. Reeve, Judge. Reversed.

The facts are stated in the opinion of the court.

Walters & Mauk for Appellants.

Wood, Janeway & Pratt and Roland T. Kinny for Respondent.

CURTIS, J.—On June 26, 1924, an interlocutory decree of divorce was entered in favor of Ella P. Smith and against Elmer L. Smith in the superior court of the county of Los Angeles. In this interlocutory decree it was provided that the defendant, Elmer L. Smith, should pay to plaintiff for the support of their minor child, Rhea Smith, the sum of $50 per month. Thereafter, the defendant being in arrears in said payments, the plaintiff in said divorce action filed an application in said superior court by which, we assume from the brief reference thereto in the record herein, plaintiff sought to have the defendant adjudged guilty of contempt of court for failure to comply with said order directing him to pay said sum of $50 per month toward the support of his minor child. Upon the hearing of this application it was found that defendant was in arrears in said payments in the sum of $181. The court also found that some time prior thereto the defendant had deposited with the Walnut Park Bank in said county a trust deed executed by Gilbert Patterson to said defendant; that said trust deed "called for the sum of $1200, payable $30 a month, together with interest," and that said defendant had deposited said trust deed in said bank and said bank held the same for the defendant with an order signed by the defendant to pay to the said Rhea Smith the monthly payments thereof with interest. Thereupon the court made an order as follows:

"That in order to secure the payments of said installments, as provided for in said interlocutory decree, the court do order that the said Walnut Park Bank aforesaid, be and they are hereby required to hold said trust deed for the security and payment of said support for the said child, Rhea Smith, and that said bank is ordered not to deliver over the said trust deed to the defendant, Elmer L. Smith, or any person for him, but to hold the same and receive the payments together with interest thereon from time to time and pay the same to the said Rhea Smith, taking her receipt therefor, and to hold said trust deed until the further order of the court." The date of this order was April 6, 1925. On September 30, 1925, the defendant died without said order ever having been revoked or modified. Thereafter Edith Smith, with whom said defendant had contracted a second marriage, after being divorced from the said Ella P. Smith, was, by the probate court of said county of Los Angeles, appointed executrix of his last will, and on June 18, 1926, she filed in said probate court her petition under section 1469 of the Code of Civil Procedure to have the whole of the estate of said deceased set aside to her upon the ground that the value thereof did not exceed the sum of $2,500. In this petition it was alleged that the only property left by said decedent was said trust deed, upon which there was then unpaid the sum of $1,000, payable at the rate of $30 per month. The said Ella P. Smith and her minor daughter, Rhea Smith, appeared in said proceeding and filed written objections to the granting of said petition on the ground that by virtue of the order of court of date April 6, 1925, made in the divorce action, there was created a lien against said property in their favor to secure the amounts ordered by the court to be paid by the defendant for the support of said minor child. It appears from said written objections that there was due and unpaid from decedent at the date of his death something over $400 for the support of said minor; that said minor would be sixteen years of age on March 26, 1926, and that the whole amount of indebtedness secured by said trust deed would be required to meet the payments then due and which would become due for the support of said Rhea Smith during her minority. The matter was submitted to the trial court on an agreed statement of facts in which it was stipulated that the amount

due for the support of said minor was at the death of decedent the sum of $426; that said minor would be sixteen years of age on March 26, 1926; that the $1,000 indebtedness secured by the trust deed then in the possession of the Walnut Park Bank constituted all the assets of the estate of Elmer L. Smith, deceased, otherwise known as Elmer Leon Smith; ''that the monies and assets sought to be set apart to the widow in said application are the monies and assets of the trust deed and notes set forth in said order'' of April 6, 1925, and that the decree directing said Elmer L. Smith to pay for the support of his minor child, Rhea Smith, the sum of $50 per month had never been modified. Upon this state of facts the probate court made its decree setting aside to the said Edith Smith, as the surviving widow of said deceased, all the property of said estate and directed the said bank to pay over to her all of the estate of said Elmer Leon Smith, deceased, in its possession, including the indebtedness secured by said deed of trust, and all proceeds thereof in its possession or to be in its possession thereafter. From this order Ella P. Smith and Rhea Smith have appealed. No exception appears to have been made either in the lower court or in this court to the appearance or participation as a party to this proceeding of Rhea Smith, a minor. It is apparent that said minor is without any right to appear herein, both on account of her minority and for the further reason that the order for her support ran in favor of her mother, Ella P. Smith, and not in favor of the minor. However, as the mother, Ella P. Smith, has appeared jointly with the minor in all matters herein, and as her appearance and participation herein is sufficient to protect all the interests involved, we will consider said contest as properly made and presented by her.

[1] The sole question presented on this appeal is whether a lien was created on the indebtedness secured by the trust deed in the possession of the Walnut Park Bank by the order of court made on the sixth day of April, 1925. Appellant, Ella P. Smith, and we will hereafter refer to her as the sole appellant herein, contends that such a lien was created in her favor. The sole contention made by respondent to support the order appealed from is that no lien was created in favor of appellant by said order of court and therefore the subsequent order of the probate court setting aside this

200 Cal.—42

property to the surviving widow was valid and should be sustained. [2] Respondent concedes the power of the court under section 140 of the Civil Code to require the husband to give reasonable security for the payment of money ordered by the court for the support of his minor child and to impose a lien upon his property to secure the payment of the amounts ordered. She further concedes that this may be done in various ways, one of which may be by the appointment of a receiver. She then contends that no receiver was appointed in this instance. It may be conceded that the order of the court cannot be construed as appointing the Walnut Park Bank a receiver for the purpose of holding the trust deed and applying the payments thereon to the support of the minor, but the appointment of a receiver is only one of the methods which the court may employ to compel obedience to its orders. She then insists that the order requiring the bank to hold the trust deed for security and to pay the proceeds therefrom to his minor child created no lien upon the property, but is "merely a personal order in the nature of an injunction and was not an order *in rem*." We are unable to follow respondent's reasoning. "A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act." (Civ. Code, sec. 2872.) The order of court of date of April 6, 1925, expressly provides "in order to secure the payments of said installments, as provided for in said interlocutory decree, the court do order that the said Walnut Park Bank aforesaid, be and they are hereby required to hold said trust deed for the security and payment of said support for the said child, Rhea Smith, . . . " This is a direct charge imposed by order of court upon the property therein described to secure the performance of certain acts enumerated in said order. It was unquestionably within the power of the court under said section 140 of the Civil Code to make said order, and it is just as certain that by such order the court created a lien against the property in the hands of the bank to secure the payment of the amounts due and to become due for the maintenance of the minor. It is true that said order further directed the bank not to deliver the trust deed to Elmer L. Smith, the father of said minor, or to any other person, but to hold the same and to receive payments thereof and to pay

them to said Rhea Smith, but this further order instead of detracting from the previous portion thereof, only confirmed and strengthened it. In our opinion there is no question but that by the order of the court a lien was created on the securities in the hands of the bank in favor of said Ella P. Smith.

[3] As to the amount of said lien, as already noted, the court found that at the death of said deceased there was due from him $426 for the support of his said minor child. Respondent, however, concedes that the liability of a father for the support of his minor child is not extinguished by his death, but that his said estate is liable for said support. She contends, however, that by the decree of divorce, in which the minor was awarded to the custody of the mother, the father was under no legal obligation to provide support for said child beyond that which may be directed by the court which has granted the divorce either in its decree or by subsequent modification. Even were this the correct rule, it has no application to the present proceeding as we have here an order of court directing the father to pay for the support of his minor child during her minority. Had the father lived, this order would have continued in force during the minority of his child unless modified by the court. No modification of the order has been made. The question, therefore, is, Does this order continue in force after his death? This question seems never to have been before the appellate courts of this state. Its solution, however, does not appear difficult. The purpose of the order was to maintain the child during her minority and to compel such maintenance by the father. The necessity for the support of the minor is the same, whether the father be alive or dead. Having made provision for the support of the minor, which is at least partially adequate for her maintenance during her minority, is there any reason whatever why this support should cease on the death of the father, leaving property properly applicable for the payment of said support? No reason has been suggested to us and we know of none. Surely no obligation can exceed in importance that which the father owes to his own offspring. It is true he assumed additional duties upon contracting a second marriage, but these are subordinate to those which he owed prior to his said marriage to support his own children.

In other jurisdictions it has been held that the provision in a decree of divorce directing the father to pay certain amounts toward the support of his minor child is not discharged by his death (*Creyts* v. *Creyts*, 143 Mich. 375 [114 Am. St. Rep. 656, 106 N. W. 1111]; *Miller* v. *Miller*, 64 Me. 484; *Stone* v. *Bayley*, 75 Wash. 184 [48 L. R. A. (N. S.), 429, 134 Pac. 820]; *Mansfield* v. *Hill*, 56 Or. 400 [107 Pac. 471, 108 Pac. 1007]; *Murphy* v. *Moyle,* 17 Utah, 113 [70 Am. St. Rep. 767, 53 Pac. 1010]). In the last-mentioned case the facts were somewhat similar to those in the present proceeding. A divorce had been granted to the mother and the custody of the minor awarded to her, with the provision in the decree that the father pay to the mother a certain sum monthly toward the support of the minor. The decree further provided that as security for the payment of said amount for the support of the minor the mother was given a lien upon certain real property owned by the father. The father died while his said child was in her minority. The wife filed a claim against his estate for the child's support up to the time when the child should become of age. The trial court gave judgment in her favor for the full amount prayed for and directed that said amount be paid to the clerk of the court to be by him paid to the mother in accordance with the terms of the decree of divorce. It further directed a sale of the property given as security and if the proceeds thereof were not sufficient to pay the amount due under said decree, that the estate of the father should be liable for the balance. Upon appeal the supreme court of Utah affirmed the judgment and stated that the decree of divorce "created an obligation to pay and a lien on the property described in the modified decree as security for payment in accordance with the terms of the decrees, which obligation and lien continued in force after the death of the deceased and bound his estate. Such lien was subject to foreclosure for failure to make payment of the sum stipulated at any time during the minority of the child." The court further held that "The court had the right to enforce the former decrees, and foreclose the lien upon failure of payment; and its failure to do so was not affected by the death of the testate, and, if the proceeds shall be insufficient to satisfy the claim, it may enforce payment of the balance out of the estate." Replying to appellant's contention for a contrary

ruling the court said: "It is unsound, as being at variance not only with the decrees of the court and the law, but also with justice for it is the solemn duty of every husband and father to support his wife during life, and his children during their minority, suitably to their station in life, and, if he fails to do so, every principle of justice demands that they be thus supported out of his estate."

Our conclusion, therefore, is that appellant has a lien upon the funds secured by the trust deed in the possession of the Walnut Park Bank to secure the payment not only of the amount due for the support of the minor at the death of the father, but for such additional amounts as may accrue in accordance with the interlocutory decree during the minority of said Rhea Smith, or until said decree is modified by the court in which it is granted. [4] The further contention of respondent that the order appealed from may be treated as an order modifying the decree giving a lien upon the trust deed is without merit. The order appealed from was made by the probate court and such court has no jurisdiction over divorce proceedings, and, consequently, was without power to modify any order or decree rendered in a divorce action.

The order appealed from is reversed, with directions to the probate court to enter its order in accordance with the views expressed herein.

Preston, J., Seawell, J., Waste, C. J., Richards, J., Shenk, J., and Langdon, J., concurred.