[S. F. No. 14422. In Bank.—October 28, 1932.]

HEDWIG E. NEWMAN, Appellant, v. HELEN BURWELL et al., as Executrices, etc., Respondents.

Roscoe D. Jones for Appellant.

James M. Koford for Respondents.

WASTE, C. J.—This is an appeal from a judgment entered in favor of the defendants upon the plaintiff's refusal to amend her complaint within ten days after the entry of an order sustaining a demurrer thereto.

The action is one in equity brought by the plaintiff against the executrices of the will of her deceased husband to establish a claim against the estate and to have impounded funds of the estate sufficient to pay and discharge said claim. The asserted claim is based on a decree of divorce wherein the custody of the minor child of the parties was awarded to the plaintiff, and, pursuant to a property settlement agreement therein approved and confirmed, the decedent was directed "until the further order of court" to pay $50 a

month to the plaintiff for the support and maintenance of such minor child. As presented to the defendant executrices, and by them rejected by failure to pass upon the same within the ten-day period prescribed in section 712 of the Probate Code, and as here sought to be established, plaintiff's claim is for an unpaid installment of such support money accruing prior to the decedent's demise and for $7,400, representing the alleged maximum amount necessary to pay and discharge the monthly installments accruing since the decedent's death and which will hereafter accrue until such time as the child reaches her majority. To a complaint alleging the foregoing facts, along with certain other detailed matters, the defendants demurred generally and on the further grounds that the plaintiff is without capacity to prosecute such claim and the trial court without jurisdiction to hear and determine the cause. The trial court sustained the demurrer with leave to the plaintiff to amend within ten days. Electing to stand upon her complaint, the plaintiff failed to amend within the period allowed therefor, whereupon judgment was entered for the defendants. This appeal followed.

Defendants' principal contention in support of their demurrer is that the obligation of the decedent to pay the award of support money constituted a purely personal obligation which ceased and terminated upon his death, thus precluding any claim against his estate.

It should be said, preliminarily, that the complaint is good against demurrer at least in so far as it attempts to establish as a valid and subsisting claim against the estate that portion of plaintiff's demand which accrued during the lifetime of the decedent. Decedent's obligation to pay this particular sum during his lifetime arose out of the written contract with the plaintiff and the decree of divorce confirming the same. Upon the death of decedent this portion of plaintiff's claim when duly presented or filed became a charge upon the estate payable out of the assets thereof. Upon the failure of the defendant executrices to allow the same within the ten-day period prescribed in section 712 of the Probate Code, plaintiff, in order to protect her rights in the premises, was not only authorized but required to institute an action, which she did, to establish the same as a valid and subsisting claim. ▇ Though the sum so

claimed was to be used for the support and maintenance of the minor child, it was payable to the mother of such child, the plaintiff here, both under the terms of the property settlement agreement and the provisions of the decree of divorce. This being so, the mother is the proper and necessary party plaintiff in an action to establish such claim. (*Estate of Smith,* 200 Cal. 654, 657 [254 Pac. 567] ; *Murphy* v. *Moyle,* 17 Utah, 113 [70 Am. St. Rep. 767, 53 Pac. 1010] ; *Stone* v. *Bayley,* 75 Wash. 184 [48 L. R. A. (N. S.) 429, 134 Pac. 820] ; *Gainsburg* v. *Garbarsky,* 157 Wash. 537 [289 Pac. 1000].) Nor can there be any doubt as to the trial court's jurisdiction of causes instituted to establish such claims. ■ It is our opinion, therefore, that the court below erred in sustaining the demurrer to the complaint at least in so far as it sought to establish that portion of the claim accruing prior to the decedent's death. For this reason alone the judgment must be reversed, for it is elementary that a complaint is good against general demurrer if it sufficiently alleges facts warranting any form of relief. (*California Trust Co.* v. *Cohn,* 214 Cal. 619 [7 Pac. (2d) 297].)

■ However, the appeal presents a more interesting and intricate problem which, despite the necessity for a reversal of the judgment on the ground just mentioned, must be considered and determined for the guidance of the court below. Generally stated, the question is whether a decree entered in a divorce action requiring a father to pay a certain monthly sum toward the support of a minor child placed in the custody of the. mother, which payment is to continue "until the further order of court", is discharged by the father's death. Stated differently, the question is whether the liability of a father for the support of his minor child is extinguished by his death or passes on to his estate.

It is the respondents' contention that such liability ceases with the death of the father in the absence of a contract or decree expressly continuing such liability "during the minority" of the child or some other equally definite period postdating the father's demise, or in the absence of the creation and imposition of a lien on the father's property during his lifetime to secure the discharge of such liability. They therefore contend that the demurrer to the complaint was properly sustained.

The common-law rule that the liability of a father to support his child was terminated by his death, and no claim therefor survived against his estate, was applicable to a divorce *a mensa et thoro* which did not finally terminate the marriage relation, but merely effected a separation without disturbing the marital rights and obligations. (9 R. C. L. 484, sec. 300; 19 C. J. 360, sec. 822 [5]; *Murphy* v. *Moyle, supra; Stone* v. *Bayley, supra.*) However, under modern conditions, the weight of the adjudicated cases is to the effect that such liability of the father is not necessarily terminated by his death but may survive against his estate as to subsequently accruing payments. (*Estate of Smith,* 200 Cal. 654, 659 [254 Pac. 567]; *Myers* v. *Harrington,* 70 Cal. App. 680 [234 Pac. 412]; *Miller* v. *Miller,* 64 Me. 484; *Stone* v. *Bayley, supra; Murphy* v. *Moyle, supra; Gainsburg* v. *Garbarsky, supra;* 9 R. C. L. 301, sec. 300; 19 C. J. 360, sec. 822 [5].)

Without narrating the facts and discussing the holdings in each of the several cases just above cited, suffice it to say that they indubitably establish that a father's obligation to support his minor child, which obligation is fixed by a property settlement agreement and confirmed by a divorce decree, survives his death and becomes a charge against his estate for all sums accruing thereunder during the child's minority, and that an action, similar to the one here instituted, may be brought to establish the same as a valid and subsisting claim against the father's estate. It is true that in certain of the cited cases the father's obligation was to pay a designated sum monthly *during the minority* of the child, thus tending to irrefutably indicate that it was to survive the father, whereas the obligation here imposed was to continue "until further order of court". However, these same authorities recognize that in the absence of an expressed intention to limit such obligation to the lifetime of the father, the same will, and does, survive his death even under a decree imposing the same until "further order of court". (*Stone* v. v. *Bayley, supra,* 822 [134 Pac.]; *Myers* v. *Harrington, supra,* 685; *Miller* v. *Miller, supra.*) In the case last cited the decree merely provided, as here, for the father's payment of a specified sum quarterly "till the further order of court" and it was held that such obligation continued after his death and during the minority of the children. And rightfully so, for it is the solemn duty of every father to support his

children during their minority, and if he fails to do so, every principle of justice demands that they be thus supported out of his estate.

It is also true that in certain of the cases above cited the divorce decree, in addition to fixing the father's obligation toward his minor children, imposed a lien upon his property to secure the payment of the sums due thereunder. However, the cases recognize that a distinction founded in the giving or requiring of security can rest on no sound basis, inasmuch as the provision for security is a difference merely in circumstance, and not in principle. As stated in *Stone* v. *Bayley, supra,* "it can hardly be contended that if there was no continuing debt there could have been a continuing lien". We conclude, therefore, both upon reason and authority, that the existence of security is neither a controlling circumstance nor an essential prerequisite to a determination of the continuing character of the decedent's obligation. Such a conclusion is in accord with our rather general discussion of this matter in the recent case of *Estate of Smith, supra,* where, though the decedent's obligation was therein secured by a lien on his property, thus slightly distinguishing the facts of that case from those of the present case, we stated that "The purpose of the order was to maintain the child during her minority and to compel such maintenance by the father. The necessity for the support of the minor is the same, whether the father be alive or dead. Having made provision for the support of the minor, which is at least partially adequate for her maintenance during her minority, is there any reason whatever why this support should cease on the death of the father, leaving property properly applicable for the payment of said support? No reason has been suggested to us and we know of none. Surely no obligation can exceed in importance that which the father owes to his own offspring." The fact that the divorce was granted to the father, which point is stressed by defendants, does not lessen or defeat such obligation.

What we have said above as to the plaintiff's capacity to prosecute this action and the trial court's jurisdiction to hear and determine the same is, of course, equally applicable to that portion of the claim accruing after the decedent's death.

Respondents urge that the conclusion we have reached herein may in certain instances destroy the power of testamentary

disposition. It is conceivable that in some cases the installments of support money accruing after the father's demise may aggregate sufficient to consume his entire estate, thus leaving nothing upon which a testamentary disposition might act. However, the same argument is equally applicable to a secured obligation for the payment of support money. We found no difficulty and expressed no hesitancy in holding the latter type of obligation to be a continuing one in the *Estate of Smith, supra,* recently decided. Moreover, it is equally conceivable that a conclusion contrary to the one herein announced might well result in certain cases in the minor child becoming a public charge. It would seem that the well-being of the child is at least as important as the father's power of testamentary disposition.

It is next urged that it cannot now definitely be determined that the child will reach her majority. Citing *Miller* v. *Miller,* 171 Cal. 269 [152 Pac. 728], respondents therefore contend that the claim here sought to be established is of such a contingent nature that the court below cannot by any possibility determine what it will be in amount if established or absolute. The cited case offers no obstacle to the conclusion above reached, for the decision therein recognizes "that the equity side of the court may be invoked to protect the owners of contingent claims which will mature after the period within which distribution may take place". The opinion points out that the complaint there before the court was one based solely "upon a rejected demand for moneys not yet due" and wherein "there is neither pleading nor prayer with reference to the condition of the estate, the ability of the defendants to provide for future payments nor the desirability of creating a fund to meet the annual demands of the plaintiffs". The complaint in the present case, as already stated, is one in *equity* to establish the claim there asserted and to impound a fund with which to pay off the same as the installments thereof accrue. It contains all the necessary allegations referred to in the Miller case, *supra,* and is therefore immune from demurrer on the ground therein considered. In this connection see, also, *Verdier* v. *Roach,* 96 Cal. 467, 475–479 [31 Pac. 554].

It might also be added that the authorities cited in the early part of this opinion to establish the continuing character of a father's obligation to support his minor child, ex-

perienced no difficulty in reaching such conclusion merely because the number of installments thereafter to accrue could not presently be determined. Assuming for present purposes that the plaintiff upon the trial of the cause establishes by competent evidence the allegations of her complaint, we perceive of no substantial objection to a decree directing the defendant executrices to pay into court a sum of money sufficient to meet the monthly installments of $50 each accruing between the time of decedent's death and the time when the child shall reach her majority, such sum to be paid over to the plaintiff in such amounts and at such times as the installments accrue. Section 953 of the Probate Code authorizes such a procedure and its provisions should be followed by the court below if upon the trial of the cause the plaintiff sufficiently establishes the allegations of her complaint. There should be credited as payments on said claims all sums paid to the plaintiff in the administration of the estate as family allowance for the support and maintenance of the minor child. In her complaint the plaintiff expresses a willingness that such amounts be so credited and that her claim be accordingly reduced.

We have examined all other contentions of the parties and find nothing suggesting a conclusion differing from that herein announced.

For the foregoing reasons the judgment is reversed, with directions to the court below to overrule the demurrer and to proceed as herein indicated.

Curtis, J., Langdon, J., Preston, J., Shenk, J., Seawell, J., and Tyler, J., *pro tem.*, concurred.