[Civ. No. 26048. Second Dist., Div. Four. June 19, 1962.]

ROMINA FRANCESCA POWER et al., Minors, etc., Plaintiffs and Appellants, v. CALIFORNIA BANK et al., as Executors, etc., Defendants and Respondents.

Fizzolio & Fizzolio and Carl Q. Christol for Plaintiffs and Appellants.

Cohen & Bricker and Frank M. Gunter for Defendants and Respondents.

BALTHIS, J. — Two minor children, Romina Francesca Power (born October 2, 1951) and Taryn Stefanie Power (born September 13, 1953), by their mother and guardian,

Linda Christian Power, sued the executors of the estate of their deceased father, Tyrone Power, on a rejected creditor's claim for $200,000 for their support after decedent's death. The claim was predicated upon a covenant contained in a property settlement agreement, dated April 30, 1955, between Linda Christian Power and the decedent. After a trial by the court, sitting without a jury, and upon findings made judgment was entered for the defendant executors from which plaintiffs appeal.

The decedent and Linda Christian Power were divorced May 11, 1955; decedent remarried in 1958 and after his death on November 15, 1958, a posthumous son was born. The decedent died testate and his will admitted to probate, after leaving personal effects to his widow, establishes a trust which divides the residue of the estate into five equal shares for (1) plaintiff Romina, (2) plaintiff Taryn, (3) decedent's surviving wife, Debra Power, (4) decedent's sister and (5) decedent's posthumous child.

The creditor's claim filed on behalf of plaintiffs Romina and Taryn was based upon paragraph 8 of the property settlement agreement which reads in part as follows:

"Upon the termination of the alimony period for any reason (including, but not being limited to the remarriage of Wife or the death of Husband) Husband or Husband's estate, as the case may be, shall pay to Wife for the support and maintenance of said minor children such sum as the parties may agree at such time to be reasonable for the support of said children according to their station in life and the ability of Husband to pay at that time, and in the absence of such agreement, any Court of competent jurisdiction shall fix the amount which Husband or his estate shall pay to Wife for said purposes."

Another section of the agreement provided that the obligation of husband's estate to provide for the support and maintenance of said minor children shall not be deemed satisfied by reason of certain insurance required to be maintained by husband.

The trial court made certain findings summarized as follows:

(1) Plaintiffs jointly have received by virtue of provision made for them by their father with insurance and trust funds, moneys and assets in excess of $85,000; this amount is sufficient to provide an annnual income to plaintiffs of $3,825. Plaintiffs also receive as social security payments sums aggregating $1,624. Without taking into consideration other sources

of income available for plaintiffs' benefit, plaintiffs have a minimum annual income of $5,449.

(2) Neither of plaintiffs is in need.

(3) Plaintiffs jointly have received from their father's estate the sum of $15,000 by way of family allowance. The estate is barely solvent even without any payment on the creditor's claim here involved and if some margin is evolved in the administration of the estate, plaintiffs will receive substantially two-fifths of such margin available for distribution.

(4) Linda Christian Power, mother of the plaintiffs, has assumed the responsibility to care for plaintiffs and, without any further allowance from the estate, is able to discharge that responsibility either from funds obtainable by her as a result of her earning capacity or from moneys received by her individually from insurance on the life of decedent Tyrone Power, or out of income which she may receive as a result of provisions of the property settlement agreement between her and decedent.

(5) The sum which at the time of the death of decedent was reasonable for the support of plaintiffs, according to their station in life and the ability of the estate of the deceased father to pay at that time, did not exceed the total amount of the family allowance heretofore allowed and paid from the estate of Tyrone Power for the support of plaintiffs, and it is not reasonable that the estate of Tyrone Power, or the executors of his will, be required to pay any further sum for the support of plaintiffs or either of them except such sum, if any, as may become available on, and by way of, distribution of said decedent's estate in accordance with the will of said decedent as admitted to probate.

The principal points in plaintiffs' appeal are that the trial court improperly determined the case as one in equity and refused to make effective the rights of plaintiffs under the property settlement agreement.

In this case, the property settlement agreement does not specify any definite sum to be paid from the husband's estate. The amount and liability, if any, are left entirely open by the agreement. The standards set by the contract itself, are as follows:

(a) A *reasonable* amount for the support of the children;

(b) The amount determined by the *station* in life of the children; and

(c) The amount determined by the *ability* of the husband's estate to pay.

The determination of the liability of the estate depends upon the application of these equitable standards and the action upon the creditor's claim is in equity. In *Newman* v. *Burwell* (1932) 216 Cal. 608 [15 P.2d 511], the action was brought against the executrices of the deceased husband's estate for the support of a minor child. The basis of plaintiff's claim was a divorce decree, approving and confirming a property settlement agreement, which provided that decedent was directed to pay "until the further order of court" the amount of $50 per month for the support of the minor child. The upper court reversed a judgment for defendants after a demurrer had been sustained, particularly upon the ground that the action was partly for amounts which had accrued prior to decedent's death and such action would clearly lie. The court further held that the liability in that case, based upon the agreement and the divorce decree and for the definite amount, survives the father's death. The court points out that the action on the creditor's claim is one in equity saying: (p. 614) "The complaint in the present case . . . is one in *equity* to establish the claim there asserted and to impound a fund with which to pay off the same as the installments thereof accrue."

In *Miller* v. *Miller* (1915) 171 Cal. 269 [152 P. 728], the action was brought on a creditor's claim against the executors of an estate based upon the written agreement of decedent to pay specified amounts for the support of plaintiffs. A demurrer was sustained without leave and after judgment for defendants, plaintiffs appealed and the judgment was affirmed. As to allegations necessary to such a complaint, the court said (p. 272) : "While each [complaint] asks for a determination of the status of the claim upon which suit is brought, each is frankly based upon a rejected demand for moneys not yet due, and there is neither pleading nor prayer with reference to the condition of the estate, the ability of the defendants to provide for future payments nor the desirability of creating a fund to meet the annual demands of the plaintiffs."

 In view of the fact that the instant action was of an equitable nature, it was necessary and proper for the court to consider and make findings upon the equitable issues involved.

 The findings made by the court referred to above are fully supported by the evidence.

The agreement provides for payment for the support of the children according to their station in life. The specific finding

is made that the children are not in need. The further finding is made that the mother has assumed responsibility for the children and is well able to take care of them out of the property received by her from the settlement agreement, the insurance moneys received by reason of decedent's death and also as a result of her own earning capacity.

The covenant sued upon requires the sum, when fixed, to be both "reasonable" and in accordance with "the ability of husband to pay at that time."

The trial court found, and it was stipulated, that $15,000 has already been allowed by the probate court and paid in the form of the family allowance to these children. These would be credited as payments on account of any sums found due plaintiffs. (*Newman* v. *Burwell, supra,* 216 Cal. 608, 615.) The findings further expressly found that there was nothing, in addition to the family allowance already paid, which the "ability" of the estate would permit to be paid. These findings as previously pointed out are supported by the evidence and are conclusive upon plaintiffs.

The further finding was made that without any payment of the creditor's claim of plaintiffs, the estate is barely solvent. We hold it was incumbent on plaintiffs to establish by proof the "ability" to pay more as expressly provided by the covenant in the agreement.

Plaintiffs, in their appeal, argue that the trial court did not follow the contract and in effect rewrote it. With this we do not agree as we think the trial court did follow and apply the standards specified in the contract.

Judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 15, 1962.