[Civ. No. 27101. Second Dist., Div. Two. Aug. 9, 1963.]

JANISE BRADY KRESS, Plaintiff and Respondent, v. FRED BRADY KRESS, Defendant; FREDERICK J. KRESS, JR., as Administrator With the Will Annexed, etc., Appellant.

Harold B. Bernson for Appellant.

Scudder & Forde and George A. Forde for Plaintiff and Respondent.

No appearance for Defendant.

SMITH, J. pro tem.*—This is an appeal from an order denying appellant's motion to be substituted as a party defendant in place of the deceased defendant in a divorce action. Appellant is the administrator of the estate of the deceased defendant, and appellant sought substitution for the purpose of obtaining a modification of child support payments. The judgment in the divorce case, which had become final, contained a provision for child support until further order of the court or until the child reached his majority. Such provision had been modified once by stipulation before the death of the father. Respondent mother filed in the estate, on behalf of the minor, a claim for such child support payments, which the administrator refused. A suit was brought to establish the claim. Thereupon the administrator made the motion to be

_____
*Assigned by Chairman of Judicial Council.

substituted into the divorce action to enable him to request modification of the child support payments in order to protect the estate from the claim, at least in part, and he appealed when such motion was denied.

The circumstances alleged in the declaration, in support of the motion, to justify the modification are: (1) the decedent is no longer employed; (2) the child is receiving social security payments charged to the account of decedent; (3) the child has received in excess of $4,500 insurance on the life of decedent; and (4) the mother is employed. Appellant apparently assumes that the second and third items may be established as an offset to accrued claims. Respondent disputes this and contends that the first item also must be disregarded since such fact is true in all cases of death. Respondent then argues that since appellant can accomplish nothing by being substituted, there was no error in denying him substitution.

There might be merit to respondent's arguments if our problem involved accrued installments only. Section 139, Civil Code, provides in part that child support payments may be modified "except as to any amount that may have accrued prior to the order." See also *Parker* v. *Parker*, 203 Cal. 787, at page 795 [266 P. 283], holding that while payments may be modified at any time such modification would be prospective only. Appellant and respondent agreed during oral argument that the minor child is 12 years old. Thus we must consider the problem of future installments. Respondent concedes of course that the obligation to pay child support survives the death. (*Taylor* v. *George*, 34 Cal.2d 552 [212 P.2d 505].) While it does not necessarily follow from this that the order may be modified after death, the fact of survival considered with section 139, Civil Code, permitting such orders to be "modified . . . at any time" and section 385, Code of Civil Procedure, permitting any action which survives "to be continued by or against his representative," establishes at least the necessary procedure to accomplish the result sought by appellant. Neither side has found a California case actually applying, or refusing to apply, such procedure. There is dictum in *Estate of Smith*, 200 Cal. 654 at page 661 [254 P. 567] supporting appellant. Such case, after holding that the obligation survives the death of the father, said it continued during minority "or until said decree is modified by the court in which it is granted." The court also went on to hold that it could not be modified by the probate court and implied that it should be done in the divorce action.

Respondent argues, however, that since there is no holding to this effect, we should not take this final step since it would delay the closing of estates until all children reached their majority. Such problem is not before us. We are not deciding that the closing of estates need be delayed, nor are we deciding that in suits to establish claims provision must be made for unforeseen contingencies. Appellant here has alleged circumstances existing presently. Such problem is not entirely new nor does it present unusual difficulties. A related problem, although involving payments already ordered, was met and decided in *Newman* v. *Burwell*, 216 Cal. 608 [15 P.2d 511] at pages 614 to 615. It was argued that even the payments already ordered would become due only if the child continued to live and hence were contingent payments and should not be established. The court decided, however, that the complaint to establish the claim was one in equity and presented no insurmountable obstacles to making a reasonably satisfactory order. There is no greater difficulty in our actual case. The hypothetical problem of a change in circumstances occurring many years later apparently is one of infrequent occurrence, judging by the lack of decided cases, and is not a sufficient reason for refusing to follow the already established procedural law to the extent that we are able to do so. Even if for practical reasons such remedy might be insufficient in the hypothetical case, nevertheless there would be no discrimination nor lack of equal treatment since all persons under the same circumstances would be treated exactly alike.

Respondent further argues that death normally abates a divorce action (*Kirschner* v. *Dietrich,* 110 Cal. 502 [42 P. 1064]) and terminates the jurisdiction of the court not only with respect to change of status but also other rights incidental thereto (*Bevelle* v. *Bank of America,* 80 Cal.App.2d 333 [181 P.2d 730]) but those cases can have no application since the obligation to pay child support payments survives the death (*Taylor* v. *George, supra*) and section 139, Civil Code, gives the court continuing jurisdiction with respect to such payments and section 385, Code of Civil Procedure, says the "action or proceeding does not abate . . . if the cause of action survive or continue."

The order is reversed.

Ashburn, Acting P. J., and Herndon, J., concurred.