489 P.2d 998

Frank V. COLOMBO, Jr., a minor, by Virginia Von Storch, as Guardian of his person and estate, Plaintiff and Appellant,

v.

WALKER BANK AND TRUST COMPANY, a Utah corporation, Defendant and Respondent.

No. 12292.

Supreme Court of Utah.

Oct. 14, 1971.

James B. Lee and Edward J. McCarthy of Parsons, Behle & Latimer, Salt Lake City, for plaintiff-appellant.

Thorit Hatch, Helper, for defendant-respondent.

CALLISTER, Chief Justice.

Plaintiff, as guardian of the person and estate of her minor son, Frank V. Colombo, Jr., initiated this action to enforce her creditor's claim, which the administrator of her former husband's estate had rejected. The claim was premised on a decree of divorce, wherein plaintiff was awarded judgment against Frank V. Colombo, Sr., for the support and maintenance of their minor child, Frankie, in the sum of $150 per month, until the further order of the court.

The trial court held that the decree of divorce did not provide a continuing award of support money from the estate of Frank V. Colombo in the event of death, and, on the contrary, by the provision for substantial insurance proceeds to his son in the event of his death, contemplated no such continuing claim for support. The court further held that because of materially altered circumstances occurring since the entry of the decree of divorce, it would be improper and unjust to order continuing support from the estate of the deceased. The factors cited as indices of changed circumstances were: (a) the minor received an inter-vivos transfer of property valued at approximately $4500 from his father; (b) the minor had received substantial life insurance benefits from a policy on the life of his father (accrued benefits valued at $21,000); (c) the minor, through intestate succession, would receive one fourth of his father's estate (the net estate was estimated to have a value of $200,000); and (d) the minor was receiving survivorship benefits under Social Security.

Defendant was awarded judgment, and plaintiff appeals citing error of the trial court on three gounds. First, the obligation of child support, continuing "until further order of the court," survives as a claim against the father's estate. Second, the decree, properly construed, does not express an intention to discharge the obligation of child support by means of the insurance proceeds. Third, there is insufficient evidence to support the determination that the circumstances have materially changed since the entry of the decree of divorce.

In Murphy v. Moyle,[1] the issue was whether, under the law, the trial court had the power to enforce support payments for a minor child pursuant to a decree of divorce against the estate of the father. The administrator of the estate asserted that an award for the support of a minor

1. 17 Utah 113, 53 P. 1010 (1898).

child could not be enforced after the death of the father. This court responded that such rule does not apply to a decree of divorce granted under the statute (Section 2606, Comp.Laws Utah, 1888) of this State. In such a case whether the minor is entitled to have the payment of support continue after the death of the father depends on the *nature* and *terms* of the decree of divorce. This court observed that under the aforementioned statute the trial court has the power to make such a decree as the circumstances warrant.

It concluded with a statement that it could not sanction the administrator's contention, which was at variance not only with the decree of the court and the law but also with justice, for it is the solemn duty of every father to support his children during their minority, suitably to their station in life, and if he fails to do so, every principle of justice demands that they be thus supported out of his estate.

Section 30–3–5, U.C.A.1953, as amended 1969, has the same effect, although the specific language differs, as Section 2606, Comp.Laws Utah, 1888, it provides:

When a decree of divorce is made, the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable. The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to the support and maintenance of the parties, the custody of the children and their support and maintenance, or the distribution of the property as shall be reasonable and necessary.

■ Under the present statutory enactment, the doctrine of Murphy v. Moyle is still valid and subsisting law, namely, the trial court has the power to enforce support payments for a minor child pursuant to a decree of divorce against the estate of the father.[2]

In those jurisdictions where it has been held that the trial court has the power to decree the continuance of support payments after the parent's death, there has been a divergence of opinion as to the interpretation of the divorce decree. In Bailey v. Bailey,[3] the court expressly declined to follow the lead of Utah and California and hold that an order granting child support "until further order of court" or "during their minority" (Murphy v. Moyle) was binding on the father's estate. The court took the position that if a judicial

---

2. See· Hornung v. Estate of Lagerquist, 155 Mont. 412, 473 P.2d 541, 545 (1970), for a scholarly analysis and refutation of the arguments most frequently advanced to support the claim that a father's estate may not be charged with unaccrued child support payments. Also see 35 Va.L.R. 482, 495, Continuance of Alimony and Payments for Support of Minor Children after a Husband's Death.

3. Nev., 471 P.2d 220, 222 (1970).

decree were to be held to impose upon the father a greater duty of child support than that required by the common law, the decree must specifically state that such obligation is to survive the death of the obligor. On the other hand, in Newman v. Burwell,[4] the court stated that in the absence of an expressed intention to limit such obligation to the lifetime of the father, the obligation survives his death, even under a decree imposing the same "until further order of court."

■ This court in Murphy v. Moyle took an intermediate position which comports with the extremely flexible standards of the statute (Sec. 30–3–5), i. e., whether the payment of support continues after the death of the father depends on the nature and terms of the decree of divorce.

■ In the instant case, the decree provided that the payments were to continue "until further order of the court." Another provision stated:

Defendant is now carrying a life insurance policy on his life in the face amount of $20,000.00 with Frankie Colombo as the beneficiary thereunder. Defendant shall continue to keep said policy in force with the said Frankie Colombo as the beneficiary until such time as said child has completed his college or other educational training. * * *

Plaintiff contends that the purpose of the insurance provision was to assure the minor child of sufficient funds to complete his advanced education, as the other children of Dr. Colombo had completed their college educations. Plaintiff claims that the insurance was intended to be an additional benefit and not a provision in lieu of monthly support.

The reference to the minor's education was solely as to the duration, and this court cannot say as a matter of law that the trial court erred in its interpretation of the decree. Specifically, it was not unreasonable for the trial court to decline to confine the insurance benefits solely to educational purposes. The decree may be construed as determined by the trial court, namely, that it was not contemplated by the terms of the decree to continue the award of support money from the father's estate.

■ Finally, plaintiff challenges the sufficiency of the evidence to support a finding of changed circumstances. It is significant that plaintiff makes no reference to the minor's substantial inheritance but merely asserts that the record does not reveal the amount of the Social Security benefits received by the minor. She further contends that there is no evidence to prove the transfer (inter vivos) of certain personal property to the minor.

Under the specific terms of the decree and the provisions of Section 30–3–5, U.C. A.1953, as amended 1969, the trial court had continuing jurisdiction to make subse-

4. 216 Cal. 608, 15 P.2d 511 (1932).

**354**

quent changes in its order concerning the maintenance and support of the minor child as were reasonable and proper. The death of the father and the new sources of funds for the support of the minor, which exceeded in amount the prior support payments, constituted materially altered circumstances. The father's duty was to support his child during his minority suitably to his station in life; the record reveals an abundance of resources to discharge this duty. There were no allegations that the further order of the court was unreasonable or improper and no basis, in fact, to substantiate such claims.

The judgment of the trial court is affirmed; no costs are awarded.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJs., concur.