[Civ. No. 38093. Second Dist., Div. Five. Dec. 9, 1971.]

ANNE D. STEBBINS, JR., Plaintiff and Appellant, v.
LEWIS A. IMERMAN, as Executor, etc., Defendant and Respondent.

**COUNSEL**

Arthur Livingston for Plaintiff and Appellant.

Wolf, Cummins & Dubin and Joseph Henry Wolf for Defendant and Respondent.

## Opinion

**KAUS, P. J.**—This is an appeal from a judgment in an action by the guardian of Mark Bradford Imerman, a minor, against Lewis A. Imerman, the executor of the estate of Harold M. Imerman, deceased, to establish a claim against the estate based upon a judgment against the deceased for the support of the minor in a filiation action. Judgment was given in favor of plaintiff for $18,000. She appeals.

In 1967 plaintiff obtained a judgment in the Superior Court of Los Angeles County in which the court determined that Harold M. Imerman was the father of the minor, and ordered Imerman to pay to plaintiff $300 per month for the support and maintenance of the minor. Imerman died soon afterward and the estate was ordered to pay a family allowance of $300 per month for the support of the minor pending distribution of the estate.[1] After being substituted as defendant in the filiation action, the executor obtained a modification of the support order to $250 per month commencing on July 1, 1967, and continuing until further order of the court. Plaintiff filed a timely claim for $200,000 in the estate for support of the minor, which claim was rejected. She then instituted this action against the estate. Plaintiff requested (1) establishment of the claim, contingent only as to maturity of future installments payable on the continued life of the minor; (2) judgment for all unpaid payments under the filiation judgment and for $250 per month or more, as the judgment may subsequently be modified during the minority of the minor; (3) for reasonable attorney's fees and costs; and (4) an order for a deposit in court or with a trustee, under section 953 or 953.1 of the Probate Code, of sufficient funds for the purpose of paying to plaintiff the money to become due after distribution of the estate.

The trial court found that Imerman had been adjudicated the father of the minor and had been ordered to pay for the minor's support, that $18,000 was a reasonable sum to award plaintiff ". . . taking into consideration the condition of the estate of the father and the obligation and ability of the mother to provide for the care, support and education of the minor," and that that amount ". . . when prudently and conservatively invested by the guardian will provide no less than $175 each month during the remaining period of the minority of said minor." In addition the court found that the estate was worth about $100,000 before costs, taxes, and claims. The court concluded that plaintiff should have judg-

---

[1]The order for family allowance was apparently complied with through the time of the trial, and neither the award nor its amount raise any issue on appeal.

ment for $18,000, plus costs, but that attorney's fees should not be allowed.

At the outset we note that the liability of the estate for the support of the minor is uncontested by defendant. (*Taylor* v. *George,* 34 Cal.2d 552, 556 [212 P.2d 505]; *Newman* v. *Burwell,* 216 Cal. 608, 611-613 [15 P.2d 511]; *Estate of Smith,* 200 Cal. 654, 659-661 [254 P. 567]; *Newhall* v. *Newhall,* 227 Cal.App.2d 800, 806-807 [39 Cal.Rptr. 144].)

### I.

■ Plaintiff's first contention is that by the terms of the prior judgment defendant must pay $250 per month for the support of the minor until the court that gave the judgment modifies it. Since such a modification has been neither sought nor made, plaintiff argues that the court was without authority to find, in effect, that $175 per month is the extent of defendant's liability for support.

Upon what theory or principle the trial court determined that $175 per month was the extent of defendant's liability is not certain. It is clear, however, that the judgment of the trial court amounted to a modification of the obligation fixed in the filiation action. We must hold that the trial court erred in this respect. That the order of the court in the filiation action setting the monthly payments to be made for the minor's support is subject to modification is not here in dispute, but any modification must be ordered by the court which retained jurisdiction over the matter, upon proper motion of an interested party. (*Estate of Smith,* 200 Cal. 654, 661 [254 P. 567].) Here no motion for modification of the support order was ever made. While evidence was presented to the trial court as to the financial, spiritual and educational needs of the minor and the ability of the defendant to meet those needs, this evidence was introduced to prove the amount which should be set aside under section 953 or 953.1 of the Probate Code in order to insure payment of installments of the support payments not yet due and to allow the court to take the possibility of future modifications into account. Neither party offered evidence of conditions which have changed since the support decree which would actually justify modification. (*Warshaw* v. *Ginsburg,* 245 Cal.App.2d 513, 516 [53 Cal.Rptr. 911]; *Evans* v. *Evans,* 185 Cal.App.2d 566, 570-571 [8 Cal.Rptr 412].) Under these circumstances it was manifestly unfair for the court to render judgment on an issue not properly before it.

Section 953 of the Probate Code establishes a procedure whereby the court determines a sum which will insure the future payment of a con-

tingent claim, or a claim which is not yet due. Upon distribution this sum is held by the court until the claim becomes due and it is then paid to the party entitled thereto. If the claim for some reason fails, the sum is distributed "as the circumstances of the estate require." (Prob. Code, § 953.) Section 953.1 allows the sum to be paid over to a trustee. Thus by the terms of the statute the duty of the court was to determine the sum which should be set aside from the estate to provide for the minor's support in the future. In order to fulfill this duty the court had broad discretion to examine the conditions under which the payments were to be made, and to take into account the possibility that the amounts ordered for the support of the minor might in the future be modified. This naturally includes some consideration of the minor's probable future needs, and of the estate's future ability to meet those needs. (*Jones* v. *Roberts,* 163 Cal.App.2d 89, 94, 99-100 [329 P.2d 50].) Nowhere, however, is the court vested with authority to modify a presently existing order of the court as to defendant's liability for support. Even if the trial court had determined that the assets of the defendant would be insufficient to meet the support obligations imposed in the filiation action, which it did not, we see no reason why defendant's other creditors should be placed in a position of preference in relation to the support needs of a minor child. If there are insufficient funds to meet this and other obligations at the time of distribution, we must assume that distribution will be made pro rata. (Prob. Code, § 952; *Newhall* v. *Newhall,* 227 Cal.App.2d 800, 819 [39 Cal.Rptr. 144].)

## II.

█ The trial court gave judgment for the plaintiff for a sum of $18,000. This was to be paid to the plaintiff, as guardian, for the use of the minor. While section 953.1 of the Probate Code makes provision for payment of a lump sum to a trustee, it is apparent that the trial court was not acting under that section. That section requires that ". . . upon completing the payments as provided in the decree, order or judgment allowing said claim, any excess of funds in possession of the trustee shall be paid in accordance with the decree of distribution." (Prob. Code, § 953.1.) The judgment of the trial court was not a payment in trust to plaintiff with provisions for any remainder to pass according to the terms of distribution of the estate. Instead it appears to be in the nature of an award in settlement of the claim. No settlement was reached, however, on these or any other terms between plaintiff and defendant, and we are unable to find any authority for the court's rejection of the apparently mandatory terms of sections 953 and 953.1, in favor of a simple money judgment. The method chosen by the trial court provides the minor with significantly less protec-

tion against misuse and mismanagement of the funds than that prescribed by the Legislature, and ignores the interests of the eventual distributees of the assets of defendant.[2] We must therefore hold that the trial court abused its discretion in giving judgment without regard for sections 953 and 953.1.

## III.

Plaintiff complains about the trial court's failure to give judgment for the support payments which had accrued between the time of the original support order in the filiation action and the time of trial of the present action. While neither party apparently contests either defendant's liability for the payments accrued, or the fact that defendant is entitled to set-off against them the amounts paid by way of family allowance, plaintiff urges that in the absence of a judgment for the accrued payments it is unclear against what funds the family allowance payments are to be credited. We concur with plaintiff.

## IV.

Finally, plaintiff questions the trial court's determination not to award attorney's fees in this matter. ■ There is ample support for the proposition that the court may award attorney's fees as a part of its decision in an action for the determination of the liability of a party for the support of a minor. (Civ. Code, § 4525; *DeSylva* v. *Ballentine,* 96 Cal.App.2d 503, 515-516 [215 P.2d 780]; *Berry* v. *Chaplin,* 74 Cal.App.2d 669, 678 [169 P.2d 453]; *Andrade* v. *Newhouse,* 54 Cal.App.2d 339, 343-346 [128 P.2d 927].) ■ Here, however, the question is different. The liability of the defendant for support was established in the earlier action. Here plaintiff is suing on a rejected claim as a creditor of defendant. The fact that the claim upon which this action is based is a judgment for support does not change the nature of this action, and we have been offered no authority for an award of attorney's fees in an action such as the one at bar. Plaintiff relies on *Estate of Filtzer,* 33 Cal.2d 776, 781-784 [205 P.2d 377]. There the court awarded attorney's fees as a part of an order of a family allowance for the support of a minor. Here no family allowance is in issue. Plaintiff is merely a creditor of the estate seeking to establish a claim, and must in this respect be treated as all other creditors. Just as any question concerning fees for the attorney for the executor must be settled after a proper petition in the probate court, so must the question of fees for plain-

---

[2]What happens to the money if the minor dies next year?

tiff's counsel await a motion in the filiation action and we therefore express no opinion in relation to it.

The judgment is reversed.

Stephens, J., and Aiso, J., concurred.