[Civ. No. 29574. First Dist., Div. Two. May 17, 1972.]

NATHAN STEIN, a Minor, etc., Plaintiff and Appellant, v.
HAROLD E. HUBBARD, as Executor, etc., Defendant and Respondent.

604

---

**COUNSEL**

Ollie Marie-Victoire for Plaintiff and Appellant.

George T. Davis and Mamakos & Mallick for Defendant and Respondent.

## OPINION

**THE COURT.**—In a judgment entered in an action to establish paternity, Simon Stein was declared to be the father of Nathan Stein, hereinafter referred to as appellant, and ordered to make certain monthly payments for the support of appellant. Simon Stein died thereafter.

Valerie Lynn, the mother and guardian of Nathan Stein, filed an action against the estate of Simon Stein on her own behalf and on behalf of Nathan Stein, based upon a rejected claim. The appeal herein is from that part of a judgment rendered on the fourth cause of action in favor of the executor of the will of Simon Stein, which denied any recovery for future support for Nathan Stein.

The trial court denied appellant's claim against the estate for future support, concluding that the decedent's support obligation was discharged through the residual clause of his will, which ran to the benefit of appellant and the decedent's other child. ■ Appellant contends the court erred in reaching this conclusion without also finding that the estate was sufficient to discharge the obligation in this manner, and we agree.

■ The decedent's obligation to support appellant survived his death, and became a charge upon his estate. (*Stebbins* v. *Imerman* (1971) 21 Cal. App.3d 942, 945 [98 Cal.Rptr. 865].) This obligation can be discharged by means other than a judgment creditor's claim against the estate. (*Taylor* v. *George* (1949) 34 Cal.2d 552 [212 P.2d 505]; *Estate of Schumacher* (1971) 18 Cal.App.3d 146 [95 Cal.Rptr. 572].) However, the alternative means of discharging the support obligation must be sufficient to actually discharge the obligation. (See, e.g., *Taylor* v. *George, supra*, at p. 558; *Estate of Schumacher, supra*, at pp. 152-153; *Nicholas* v. *Nicholas* (1952) 110 Cal.App.2d 349, 353 [242 P.2d 679].) Where it is not, a determination that the support obligation is discharged by an alternative means constitutes an erroneous modification of the original support judgment. (*Stebbins* v. *Imerman, supra*, at pp. 945-946.) ■ A support judgment rendered in a filiation action can be modified upon a showing of changed circumstances, even after the obligor's death. ■ But such a motion has not been made here. Therefore, the court had a duty to find that the estate was sufficient to totally discharge the support obligation before it determined that the obligation was to be discharged in this manner. We cannot infer a supportive finding here, since respondent failed to present evidence on this issue when he opposed appellant's claim against the estate, and the court failed to make a special finding when requested to do so. (Code Civ. Proc., §§ 632, 634.)

■ Appellant also contends the court erred in not awarding interest on support arrearages which were granted to him. This matter was pleaded under appellant's third cause of action, but he has appealed only from the judgment entered upon the fourth cause of action. The judgment is severable as to these causes of action. Since no appeal was taken from the judgment entered upon the third cause of action, that part of the judgment is now final. (*American Enterprise, Inc.* v. *Van Winkle* (1952) 39 Cal.2d 210, 216 [246 P.2d 935].)

The judgment entered upon the fourth cause of action is reversed.