[No. A046798. First Dist., Div. One. May 15, 1991.]

In re the Marriage of SANDI MARIE and THOMAS PAUL GREGORY.
COUNTY OF CONTRA COSTA, Appellant, v.
THOMAS PAUL GREGORY, Respondent.

**COUNSEL**

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Josanna Berkow, Deputy Attorneys General, for Appellant.

Patricia Berkowitz for Respondent.

**OPINION**

**DOSSEE, J.**—The county challenges the trial court's ruling that a child support order terminated upon the death of the custodial parent.

The order of the trial court is reversed.

## Factual and Procedural Background

In 1975, Sandi Marie Gregory filed a petition to dissolve her marriage to Thomas Paul Gregory. The couple agreed that Sandi Gregory would receive custody of the couple's two children, Abbe, born March 17, 1969, and Thomas, born January 13, 1972. The trial court set the amount of child support at $125 per month per child beginning March 1, 1976, "continuing until the age of majority or until emancipation of said children . . . ." Payments were to be made to the county, and the district attorney was directed to enforce the support obligation so long as Sandi Gregory received public assistance. The court entered the final judgment of dissolution of marriage in 1977.

Sandi Gregory received Aid to Families With Dependent Children (AFDC) from the county from the time of the support order until her death in August 1981. During this period of time, Thomas Gregory made almost no child support payments and a substantial arrearage accumulated. Sandi Gregory and the county made several unsuccessful attempts to collect the arrearage, and, according to the county, Thomas Gregory owed $15,757 for past due child support at the time of Sandi Gregory's death.

Following Sandi Gregory's death, the children went to live with their maternal grandparents, who were appointed guardians of the children. The grandparents requested and received AFDC benefits for the children.

The county continued without success its efforts to collect child support and the arrearage from Thomas Gregory. Meanwhile, in May 1984, the children became ineligible for further AFDC benefits.

In April 1988, the county filed an order to show cause, and this time Thomas Gregory responded and requested that the court determine the child support arrears, "if *any*." (Italics in original.) He filed an income and expense declaration showing his total gross annual income during the previous 12 months as $51,455. The county asserted that Thomas Gregory owed $29,893 as of December 31, 1988, pursuant to the existing support order.

In an order dated May 24, 1989, the trial court found, inter alia: (1) the child support order terminated by operation of law upon the death of Sandi Gregory; (2) Thomas Gregory's obligation to support his children did not terminate, but that that obligation would have to be enforced through some other proceeding; and (3) the county could collect any arrearage existing at Sandi Gregory's death to the extent that there had been an assignment of her rights giving the county an interest in the arrearage.

The county appeals.

## Discussion

■ The county contends that a child support obligation established by a dissolution of marriage decree survives the death of the custodial parent. The county argues that the children did not have to take affirmative action to preserve their right to continued support following their mother's death, but that instead Thomas Gregory had the burden to move to modify the support obligation if the circumstances so warranted.

Parents have a statutory obligation to support their children. (Civ. Code, §§ 196, 196a, 206, 242, 4700.)[1] ■ "When a child support agreement is incorporated in a child support order, the obligation created is deemed court-imposed rather than contractual . . . ." (*Armstrong* v. *Armstrong* (1976) 15 Cal.3d 942, 947 [126 Cal.Rptr. 805, 544 P.2d 941].) The obligation to pay child support pursuant to a court order generally continues until the child reaches age 18 or until the happening of any contingency specified in the court order. (§ 4700, subd. (c); see also § 4704.5.)[2]

■ Here, the support order specifically provided for support to continue until the children reached the age of majority or until their emancipation, whichever occurred first. Neither of these events occurred during the time periods relevant to this appeal.

■ It appears no California court has considered the effect on a support order of the death of the custodial parent, but it has been established that court ordered child support survives the death of the noncustodial parent and becomes a charge upon his or her estate. (*Taylor* v. *George* (1949) 34 Cal.2d 552, 556 [212 P.2d 505]; *Stein* v. *Hubbard* (1972) 25 Cal.App.3d 603, 605 [102 Cal.Rptr. 303].) The county cites several other events which do not automatically alter a support order: bankruptcy (11 U.S.C. § 523(a)(5)); emancipation of the child, unless the order so provides (*In re Marriage of Beilock* (1978) 81 Cal.App.3d 713, 730 [146 Cal.Rptr. 675]); or a custodial parent's interference with the noncustodial parent's visitation rights (*In re Marriage of Tibbett* (1990) 218 Cal.App.3d 1249, 1253 [267 Cal.Rptr. 642]).

[1]All further statutory references are to the Civil Code, unless otherwise noted.

[2]Section 4700, subdivision (c) provides in pertinent part: "When a court orders a person to make specified payments for support of a child during the child's minority, or until the child is married or otherwise emancipated, or until the death of, or the occurrence of a specified event as to, a child for whom support is authorized under Section 206, the liability of the person ordered to pay support terminates upon the happening of the contingency . . . ."

Further, parents cannot agree between themselves to modify or terminate a support order. (*Armstrong* v. *Armstrong, supra,* 15 Cal.3d at p. 947.)

■ One court that has considered this issue is the Colorado Supreme Court. In *Abrams* v. *Connolly* (Colo. 1989) 781 P.2d 651, that court held that when a noncustodial parent's support obligation has been incorporated into a dissolution decree under Colorado law, the child support obligation continues beyond the death of the custodial parent unless the noncustodial parent assumes physical custody of the child. (*Id.* at p. 656.) The court noted that the noncustodial parent must resort to the court if he or she believes modification of a support obligation is justified. (*Ibid.*)

Similarly, in California, a parent must look for assistance from the courts in order to modify or terminate a support order. (See *Armstrong* v. *Armstrong, supra,* 15 Cal.3d at p. 947; §§ 4357; 4700, subd. (a); 4811, subd. (a).) As the county submits, there is no legal or policy reason to terminate a child support order when a custodial parent dies and the noncustodial parent does not assume custody, and it is the child's entitlement not the custodial parent's which is the legal predicate for a child support order. To terminate child support automatically in a case such as this does not advance, but rather contravenes, the state's interest in protecting the welfare of the child.

The sole argument that Thomas Gregory advances on appeal is that the trial court lost jurisdiction of this matter upon the death of Sandi Gregory. (Citing *In re Marriage of Williams* (1980) 101 Cal.App.3d 507, 510-511 [161 Cal.Rptr. 808]; *Estate of Blair* (1988) 199 Cal.App.3d 161, 166-167 [244 Cal.Rptr. 627].) The cases cited are not relevant as they discuss the effect of the death of a parent prior to the entry of judgment of dissolution. Here of course, the judgment of dissolution was entered years ago, the matter of child support had been adjudicated, and a binding support order was in effect.

A child's need for support does not terminate when the custodial parent dies, and persons who assume the financial burden of caring for a child following the death of the custodial parent, such as the grandparents in this case, should not be forced to expend their resources to enforce an existing support obligation. The child support order in this case remained in effect after Sandi Gregory's death and the county is entitled to enforce that obligation. The trial court's ruling that the child support order terminated by

operation of law upon the death of Sandi Gregory is reversed. The county shall recover its costs on appeal.

Newsom, Acting P. J., and Stein, J., concurred.