T.C. Memo. 1996-258

UNITED STATES TAX COURT

RONALD J. MURPHY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

DIANE D. MURPHY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 3201-94, 8531-94.          Filed June 5, 1996.

    Petitioner husband (H) and petitioner wife (W) were divorced. Subsequently, H was directed by a California court to pay monthly "family support" payments (the marital payments) to W. H deducted the marital payments as alimony pursuant to sec. 215, I.R.C. W did not report the marital payments as gross income pursuant to sec. 71, I.R.C. R disallowed H's deduction and included the marital payments in W's income.
    1. Held: The marital payments are not alimony; therefore H may not deduct such payments, and W need not include them in gross income.
    2. Held, further, R's determination of penalties under sec. 6662, I.R.C., against H is sustained.

Ronald J. Murphy, pro se.

Elainie Honjas, for petitioner in docket No. 8531-94.

Matthew R. Kretzer and Barbara Leonard, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge:  These cases have been consolidated for trial, briefing, and opinion because they involve a common question of fact and law: viz, whether payments made by petitioner Ronald J. Murphy (Ronald Murphy) to petitioner Diane D. Murphy (Diane Murphy), his ex-wife, constitute alimony for purposes of the Federal income tax.  In the notices of deficiencies and in her pleadings, respondent has taken inconsistent positions, disallowing alimony deductions to Ronald Murphy but requiring Diane Murphy to report alimony income. Respondent, however, does not ask us to sustain her inconsistent positions.  Respondent is content that we determine the tax consequences of the subject payments (the marital payments) consistently between petitioners.

Respondent has determined both deficiencies in income tax and accuracy related penalties against Ronald Murphy.  Those amounts are as follows:

| Year | Deficiency | Penalty under Sec. 6662 |
|------|-----------|-------------------------|
| 1990 | $15,180 | $3,036 |
| 1991 | 16,509 | 3,302 |

Respondent has determined only deficiencies in income tax against Diane Murphy. Those amounts are as follows:

| Year | Deficiency |
|------|-----------|
| 1990 | $9,508 |
| 1991 | 11,006 |

The sole issue for consideration in Diane Murphy's case is the tax treatment of the marital payments. In Ronald Murphy's case, however, we must also consider the accuracy related penalties. Moreover, for 1991, respondent's determination of a deficiency in tax is based not only on the tax treatment of the marital payments but also on two additional adjustments to income, one in the amount of $4,863, described as "Itemized Deductions", and the other in the amount of $1,118, described as "Deduction for Exemptions". Although no further explanation of the two additional adjustments accompanies respondent's determination of a deficiency in tax, we suspect that those adjustments are consequential adjustments following from respondent's adjustment with respect to the marital payments. Ronald Murphy assigned no error with respect to those adjustments. Under our Rules, he is thus deemed to have conceded any issue with respect to those adjustments. See Rule 34(b)(4). Even if those two adjustments are merely consequential, however, and had error been assigned in the petition on that basis, we

would reach no different result because we uphold respondent's adjustments with respect to the marital payments.

Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts filed by the parties and accompanying exhibits are incorporated herein by this reference.

When the petitions in these cases were filed, Ronald Murphy and Diane Murphy resided in Mountain View, California, and Los Altos, California, respectively.

Petitioners were married in 1963. On February 1, 1988, the Superior Court of California, County of Santa Clara (the Superior Court), entered a judgment of dissolution of petitioners' marriage.

On January 5, 1990, petitioners stipulated, and on January 12, 1990, the Superior Court ordered, that Ronald Murphy: "shall pay to * * * [Diane Murphy] for Family Support the sum of $4,000.00 for the month of January, 1990 and $4,000 on account of Family Support for the month of February, 1990".

At a settlement conference held on March 28, 1990, the Superior Court orally ordered that, commencing March 1, 1990,

Ronald Murphy would pay $4,000 a month to Diane Murphy as family support.

With respect to Diane Murphy's case only, Ronald Murphy paid no more than $29,800 and $28,800 to Diane Murphy in 1990 and 1991, respectively.

Ronald Murphy made Federal income tax returns for 1990 and 1991 on the basis of a calendar year. He made those returns on Forms 1040, U.S. Individual Income Tax Return, and, for each year, he claimed deductions for alimony paid to Diane Murphy. For 1990, he claimed an alimony deduction of $46,000; for 1991, he claimed an alimony deduction of $48,500.

Diane Murphy also made Federal income tax returns for 1990 and 1991 on Forms 1040, on the basis of a calendar year. Diane Murphy reported no income related to alimony for either year.

Petitioners have four children, three of whom lived with Diane Murphy during 1990 and 1991.

OPINION

I. Introduction

We must determine whether certain payments made on account of the dissolution of the marriage of petitioners (Ronald Murphy and Diane Murphy) are alimony for Federal income tax purposes. If such payments (the marital payments) are alimony, then they are deductible by Ronald Murphy and includable in gross income by Diane Murphy. If the marital payments are not alimony, then they are not deductible by Ronald Murphy and are not includable in

gross income by Diane Murphy. The relevant rules are found in sections 71 and 215.

## II. Diane Murphy

As stated, in the notices of deficiency and in her pleadings, respondent has taken inconsistent positions with respect to petitioners: Respondent has required Diane Murphy to include the marital payments in gross income but has denied Ronald Murphy any deductions. On brief, however, respondent clearly favors Diane Murphy. Respondent does not make alternative proposed findings of fact, but makes only proposed findings of fact that, in sum, are inconsistent with a finding that Diane Murphy received any alimony from Ronald Murphy. Respondent's arguments are consistent with her proposed findings of fact. Accordingly, we consider respondent as having conceded that none of the marital payments received by Diane are alimony. For purposes of Diane Murphy's case, we find that none of the payments made by Ronald Murphy to Diane Murphy are alimony. We hold that no amount must be included in Diane Murphy's income pursuant to section 71, and we determine that there are no deficiencies in Diane Murphy's income tax for either 1990 or 1991.

## III. Ronald Murphy

A trial in this case was held on June 15, 1995. Ronald Murphy was present at the trial. At the conclusion of the trial,

the Court directed the parties to file briefs. Ronald Murphy has filed no brief.

The requirement to file briefs is found in Rule 151, the provisions of which are not permissive but mandatory. On occasion, when a party has failed to file a brief, we have dismissed the case with respect to those issues for which the party bore the burden of proof, Stringer v. Commissioner, 84 T.C. 693, 704 (1985) ("tactics employed by petitioners and their counsel were carefully calculated to prevent any meaningful resolution of their case."), affd. without published opinion 789 F.2d 917 (4th Cir. 1986), or we have deemed the party to have conceded all such issues, Mock v. Commissioner, T.C. Memo. 1987-382 (petitioner "clearly aware" of his obligations to organize the extensive material presented at trial and to give the Court his views of the controlling legal authorities). More commonly, however, we have taken note of a party's failure to file a brief and have gone on to decide the issues on which the party bore the burden of proof on the basis of the stipulation of facts and its attached exhibits, the record made at trial, and respondent's brief. E.g., Calcutt v. Commissioner, 84 T.C. 716 (1985); Giouzelis v. Commissioner, T.C. Memo. 1991-595. We shall follow that last course here.

Ronald Murphy has failed to carry his burden of proving that the marital payments are alimony within the meaning of section

71(b).[1]   The stipulated facts establish that Ronald Murphy was ordered to pay "family support".   Under California law, an order of "family support" is an order that combines child and spousal support.   See Cal. Fam. Code secs. 92, 4066 (West 1994).[2]   Once

---

[1]   Sec. 71(b)(1) provides:

> (b) Alimony Or Separate Maintenance Payments Defined.--For purposes of this section--
>
> (1) In General.--The term "alimony or separate maintenance payment" means any payment in cash if--
>
>    (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
>    (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
>
>    (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
>    (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

[2]   The California Family Code, enacted in 1992 and operative from Jan. 1, 1994, was derived from the family law provisions of the California Civil Code, Code of Civil Procedure, Evidence Code, and Probate Code.  Prior to the enactment of Cal. Fam. Code secs. 92 and 4066, "family support" was made available under Cal. Civ. Code secs. 4811(d) and 4721(p)(West 1983).  See In re Marriage of Leathers, 221 Cal. Rptr. 78, 81 (Ct. App. 1985); People v. Dilday, 25 Cal. Rptr. 2d 386, 387 (App. Dept. Super.

(continued...)

ordered by a court, child support survives the death of the payee custodial parent and continues as an obligation of the payor noncustodial parent.  <u>In re Marriage of McCann</u>, 32 Cal. Rptr.2d 639 (Ct. App. 1994); <u>In re Marriage of Gregory</u>, 281 Cal. Rptr. 188 (Ct. App. 1991).  Recently, in <u>Ambrose v. Commissioner</u>, T.C. Memo. 1996-128, we addressed a question concerning California family support.  In that case, the taxpayer (the ex-wife) had argued that a part of the family support payments received by her was not alimony because, under California law, a noncustodial parent's obligation for child support is not terminated upon death of the custodial parent (the ex-wife).  The taxpayer was relying on the fact that cessation of payments on the death of the payee spouse is a necessary element of alimony.  Sec. 71(b)(1)(D).  We said that, to be successful, the ex-wife would have to show that a portion of the family support payments received by her would survive her death.  We found against the ex-wife based on our holding that California law does not provide for the segregation of unallocated or undifferentiated child and spousal support payments (i.e., family support).  An examination of the California cases we relied on, which dealt with the remarriage, not the death, of the payee spouse, <u>Danz v. Danz</u>, 216 P.2d 162 (Cal. Ct. App. 1950); <u>Hale v. Hale</u>, 45 P.2d 246 (Cal. Ct. App. 1935), shows that the trial courts could have continued

[2](...continued)
Ct. 1993).

the payments in question undiminished after the remarriage of the payee spouse. See, e.g., Danz v. Danz, supra at 165 (no abuse of discretion in trial court's refusal to enforce husband's obligation to pay combined alimony and child support beyond remarriage of wife). We have found no contrary authority on our own, and, as stated, we have not been favored with a brief by Ronald Murphy. For purposes of this case, we shall assume that the obligation to make the marital payments could have survived the remarriage or death of Diane Murphy. Moreover, there is insufficient evidence for us to find that the marital payments would not have survived the death of Diane Murphy before the majority of the children in her custody. Thus, Ronald Murphy has failed to prove a necessary element of section 71(b)(1), viz, the subparagraph (D) requirement of cessation on the death of the payee spouse, and, consequently, he has failed to prove that the marital payments are alimony within the meaning of section 71(b).

Finally, respondent has determined section 6662(a) penalties against Ronald Murphy for both 1990 and 1991. Section 6662(a) provides for the imposition of a penalty on any portion of an underpayment that is attributable to, among other causes, (1) negligence or disregard of rules or regulations, or (2) any substantial understatement of income tax. In the petition, Ronald Murphy assigned error to respondent's determinations of section 6662 penalties but did not aver any facts in support of that assignment. We assume that Ronald Murphy relies on our

determining no (or reduced) deficiencies to defeat (or ameliorate) the penalties.  Since we sustain the deficiencies determined by respondent, we find no basis for redetermining the penalties determined by respondent.

On the premises stated, we sustain respondent's determinations of deficiencies and penalties with respect to Ronald Murphy.

<u>Decision will be entered for respondent in docket No. 3201-94</u>.

<u>Decision will be entered for petitioner in docket No. 8531-94</u>.