T.C. Memo. 2000-164

UNITED STATES TAX COURT

MARILYN J. BAKER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3820-99.                          Filed May 22, 2000.

G. David Johnston, for petitioner.

Robert W. West, for respondent.

MEMORANDUM OPINION

PAJAK, Special Trial Judge:  Respondent determined deficiencies in petitioner's Federal income tax and additions to tax in the following amounts:

|      | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
|------|-----------|-----------------|-----------|
| 1994 | $1,189    | $297            | $61       |
| 1995 | 2,749     | 663             | 143       |
| 1996 | 4,785     | –               | 201       |

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions by petitioner this Court must decide: (1) Whether the military retirement payments petitioner received in 1994, 1995, and 1996 pursuant to a divorce agreement constitute alimony payments includable in gross income; (2) if the payments are not includable as alimony, whether the payments constitute annuity or retirement income includable in gross income; (3) whether petitioner is liable for the section 6651(a)(1) addition to tax for failing to file timely her 1994 and 1995 Federal income tax returns; and (4) whether petitioner is liable for the section 6654 addition to tax for underpaying estimated income tax in 1994, 1995, and 1996.

This case was submitted fully stipulated pursuant to Rule 122. All of the facts stipulated are so found. Petitioner resided in Ozark, Alabama, at the time she filed her petition.

Marilyn J. Baker (petitioner) was formerly married to Robert Vernon Baker, Jr. (Mr. Baker). Mr. Baker was a career military officer who retired from the U.S. Air Force with the rank of colonel prior to June 1994. During 1994, 1995, and 1996, Mr.

Baker received $41,020, $41,735, and $42,846, respectively, in military retirement pay.

Mr. Baker filed a complaint for divorce from petitioner in the Circuit Court of Calhoun County, Alabama in 1994. The parties entered into settlement negotiations.

On July 21, 1994, petitioner and Mr. Baker were granted a divorce. Under the Judgment of Divorce, paragraph 6 titled PROPERTY SETTLEMENT, reads as follows:

> Beginning June 1, 1994, the Plaintiff shall pay the Defendant Fifty (50%) Percent of his monthly gross Military Retirement pay from the U.S. Army each month as a property settlement until such time as she remarries or co-habitates with another person or until her death. In the event the Defendant remarries, then she shall receive Twenty-Five (25%) Percent of the Plaintiff's monthly gross military retirement pay. The said monthly gross retirement pay will be the top line of the Plaintiff's LES statement. Said payments shall be paid directly to the Defendant's checking account by the U.S. Government through the Plaintiff's allotment.

Incorporated into the Judgment of Divorce is the Agreement. Included in paragraph 9 of the Agreement, under the heading of PROPERTY SETTLEMENT, is a provision substantially similar to paragraph 6 of the Judgment of Divorce.

Mr. Baker made payments to petitioner of one-half of his monthly military retirement income. After approximately 3 months, the payments were automatically made to petitioner by the Department of Defense. Petitioner received payments of $13,560 in 1994, $22,944 in 1995, and $22,944 in 1996. Mr. Baker

deducted these amounts as alimony payments on his Federal income tax returns. Petitioner did not file Federal income tax returns for 1994 and 1995. She timely filed her 1996 return but did not report the $22,944 payment as income. Petitioner made no Federal income tax payments in 1994 or 1996, but $94 was withheld from her 1995 wages. Petitioner and Mr. Baker did not live together in the same household at any time from June 1, 1994, to December 31, 1996.

Respondent has determined that the military retirement payments constitute alimony income to petitioner under section 71. Petitioner contends that the payments she received from the military retirement plan were in furtherance of a division of property and should be excluded from her income under section 1041.

Section 61 defines gross income to mean all income from whatever source derived, including alimony payments. Sec. 61(a)(8). Whether a payment constitutes alimony within the meaning of section 61(a)(8) is determined by reference to section 71. Section 71(a) provides that there shall be included in gross income any amount received as alimony. Section 71(b)(1) defines the term "alimony" as any cash payment that meets the following four criteria:

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B)  the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215,

(C)  in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D)  there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

If a payment satisfies all of these factors then the payment is alimony; if it fails to satisfy any one of these factors then the payment is not alimony.  Jaffe v. Commissioner, T.C. Memo. 1999-196.

In this case, subparagraphs (A), (C), and (D) of section 71(b)(1) are satisfied and are not in dispute.  The issue before us is whether the payments satisfy the requirement of subparagraph (B) of section 71(b)(1).  Petitioner contends that because the military retirement payments are specifically labeled as a "property settlement", such designation should allow the payments to be treated as nonalimony under section 71(b)(1)(B). Respondent contends that the classification of the payments as a "property settlement" is not a designation that the payments should be excludable from petitioner's income and non-deductible by Mr. Baker, and that absent such a designation, section 71(b)(1)(B) is satisfied and the payments are alimony.

Prior to 1984, under section 71, only payments that were in the nature of alimony or support, as opposed to a property settlement, would be treated as alimony for Federal income tax purposes.  Hoover v. Commissioner, 102 F.3d. 842, 844-845 (6th Cir. 1996), affg. T.C. Memo. 1995-183.  The labels assigned to payments were not determinative in deciding whether a payment constituted alimony or a division of property.  Hesse v. Commissioner, 60 T.C. 685, 691 (1973), affd. without published opinion 511 F.2d 1393 (3d Cir. 1975); Poole v. Commissioner, T.C. Memo. 1998-147.  Instead, "Whether payments represented support or property settlement was a question of intent."  Hoover v. Commissioner, supra at 845.  To determine the parties' intent, the courts examined various factors, which made the alimony/nonalimony determination subjective.  Id.

In the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 422(a), 98 Stat. 494, 795, Congress amended section 71.  The purpose behind the amendment was to "eliminate the subjective inquiries into intent and the nature of payments that had plagued the courts in favor of a simpler, more objective test".  Hoover v. Commissioner, supra at 845.  In Nelson v. Commissioner, T.C. Memo 1998-268, under section 71 as amended, the Court agreed with the statement that if "the payments fit within the definition of alimony for Federal income tax purposes, the

intended purpose for the payments is of no consequence."  Thus, we find that the parties' intent in this case, except as reflected in the divorce or separation instrument itself, is moot.  We look to the agreements executed by the parties and reject any arguments based on the settlement negotiations mentioned above.  The only relevant question is whether the classification of payments as "property settlement" in the Agreement or Judgment of Divorce is sufficient to satisfy section 71(b)(1)(B).

A cash payment satisfies section 71(b)(1)(B) if the divorce agreement or other instrument does not designate such payment as a payment which is not includable in gross income under section 71 and not allowable as a deduction under section 215.  This Court has previously held that the designation in the instrument "need not specifically refer to sections 71 and 215".  Estate of Goldman v. Commissioner, 112 T.C. 317, 323 (1999).  However, the statutory language of section 71(b)(1)(B) does not allow designations by attenuated implication.  Medlin v. Commissioner, T.C. Memo. 1998-378.  The "instrument must contain a clear, explicit and express direction" that the payments are not to be treated as income.  Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), affg. T.C. Memo. 1995-554.  If there is no express designation that the payments are not to be treated as

income, the payments are considered alimony for Federal income tax purposes. <u>Richardson v. Commissioner</u>, <u>supra</u> at 557; <u>Jaffe v. Commissioner</u>, <u>supra</u>.

In <u>Estate of Goldman</u>, the divorce instrument classified the payments in question as a division of property, but unlike the instruments in the instant case, the divorce instrument in <u>Estate of Goldman</u> also stated:

> 6.5 The parties intend and agree that all transfers of property as provided for herein are subject to the provisions of Section 1041, * * *, and that they shall be accounted for and reported on his or her respective individual income tax returns in such a manner so that no gain or loss shall be recognized as a result of the division and transfer of property as provided for herein. Each party shall file his or her Federal and State tax returns, and report his or her income and losses thereon, consistent with the foregoing intent of reporting the division and transfers of property as a non-taxable event.

<u>Estate of Goldman v. Commissioner</u>, <u>supra</u> at 320-321. We found that the "agreement mandates nonalimony treatment of the payments through paragraph 6.5 of the agreement, which provides that the payments in question are to be subject to the provisions of section 1041 and reported on the parties' tax returns as a nontaxable event." <u>Id.</u> at 323. This Court stated that this was "a clear, explicit and express direction" that the monthly payments were not to be includable in the recipient's income. <u>Id.</u> We held that based on a reading of the agreement from a reasonable, commonsense perspective, the agreement contained a

nonalimony designation within the purview of subparagraph (B) of section 71(b)(1).  Id. at 323-324.

In this case, the provisions in the Judgment of Divorce and the Agreement do not specifically address the Federal income tax consequences of the payments on the parties.  Cf.  Estate of Goldman v. Commissioner, supra.  Yet petitioner asks that we find that the classification of a payment as a "property settlement" is a clear, explicit, and express designation that the payments are to be nontaxable to petitioner and nondeductible to Mr. Baker under Federal income tax laws.

In making our determination, we note that in divorce instruments parties may characterize payments in different ways, such as alimony, periodic alimony, alimony in gross, property settlement, division of property, etc.  The meaning of these terms may vary from State to State.  Moreover, the effect that such classifications may have in each State may be dependent upon the intent of the parties or other factual circumstances.  As we noted above, Congress specifically revised section 71 in order to eliminate the subjective inquiries into the nature of payments.

The label of "property settlement", with no further clarification, does not clearly inform us that the parties considered the Federal income tax consequences of the payments under sections 71, 215, and/or 1041.  To find for petitioner, we

would have to conclude that the use of the term "property settlement" designated that the payments would not be taxable under section 71, nor deductible under section 215. This would be a designation by uncertain implication rather than by clear, explicit, and express direction.

We find that the labeling of the payments as a "property settlement", with nothing more, is not a clear, explicit, and express direction that the payments are not includable in petitioner's gross income and are not deductible by Mr. Baker. A reasonable, commonsense reading of the instruments does not establish that there is a nonalimony designation regarding the Federal income tax implications of the payments. Therefore, section 71(b)(1)(B) is satisfied, and the payments are alimony includable in petitioner's gross income.

Because the payments are includable in petitioner's gross income as alimony, we need not address the issue of whether the payments constitute annuity or retirement income.

Respondent contends that petitioner is liable for additions to tax pursuant to section 6651(a)(1) for 1994 and 1995. Section 6651(a)(1) imposes an addition to tax for the failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted. Additions to tax under sections 6651(a)(1) are imposed unless the

taxpayer establishes that the failure was due to reasonable cause and not willful neglect. Sec. 6651(a)(1). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245. Petitioner provided no evidence regarding her failure to file her returns for 1994 and 1995. Accordingly, we sustain respondent's determination on this issue.

We now consider whether petitioner is liable for the additions to tax under section 6654(a) for underpayments of estimated taxes for 1994, 1995, and 1996. Section 6654(c) imposes a requirement that estimated taxes be paid in installments. If a taxpayer fails to pay a sufficient amount of estimated taxes, section 6654(a) provides for a mandatory addition to tax in the absence of exceptions not applicable here. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner is liable for the additions to tax under section 6654.

Decision will be entered

for respondent.