Taylor W. FITHIAN, III, and Margarita Fithian, Plaintiffs—Appellants,

v.

UNITED STATES of America, Defendant—Appellee.

No. 01-16443.

D.C. No. CV-00-21101-JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2002.

Decided Aug. 27, 2002.

Before FERGUSON, W. FLETCHER, Circuit Judges, and KING,* District Judge.

MEMORANDUM **

The parties are familiar with the facts and procedural history of this case, and they need not be repeated.

Appellants contend that the District Court erred in holding that the divorce decree provisions for bonus payments in lieu of property did not satisfy the termination requirement of 26 U.S.C. § 71(b)(1)(D) and, therefore, did not meet

---

* The Honorable George H. King, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

the definition of alimony in § 71(b)(1).[1] The District Court determined that the bonus payments failed to satisfy § 71(b)(1)(D). It found the "Money Judgment" section of the divorce decree, which contained no language terminating the payment obligation in the event of Ms. Richard's death, to be controlling.

Prior cases considering the same question have conducted a two-part inquiry. First, courts have looked for an unambiguous termination condition, initially as expressed in the plain language of the divorce decree itself, and then as imposed by operation of state law.[2] *Lovejoy v. Comm'r*, 293 F.3d 1208, 1212–13 (10th Cir. 2002); *Hoover v. Comm'r*, 102 F.3d 842, 847–48 (6th Cir.1996). Second, where there is no unambiguous termination condition, courts have independently evaluated "the language of the decree" as a whole to determine whether payments in question satisfy § 71(b)(1)(D). *Hoover*, 102 F.3d at 848.

First, we find that the plain language of the divorce decree does not clearly include a termination condition. Support payment provisions are recited in two different sections of the divorce decree. In the "Money Judgement" section, which was certified by both parties' attorneys, the paragraph concerning the bonus payments contains no termination language. In contrast, the "Spousal Support" section does include express termination language in its bonus payment paragraph.[3] In light of these conflicting provisions, the divorce decree as a whole is ambiguous as to whether a termination-on-death condition applied to the bonus-sharing payments.

As the decree is ambiguous, we must determine whether the spousal support provisions terminate by operation of Oregon state law. We find that they do not. Oregon statutes regarding spousal support do not directly address the question of termination of spousal support obligations upon death of the payee spouse. Or.Rev. Stat. § 107.105(1)(d). Nor does any published Oregon case establish this proposition directly. *See Prime v. Prime*, 172 Or. 34, 139 P.2d 550 (Or.1943); *cf. In the Matter of the Marriage of Bates*, 303 Or. 40, 733 P.2d 1363, 1366 (Or.1987). Thus, Oregon state law did not clearly impose a termination condition on the spousal support provisions of Mr. Fithian's divorce decree.

Finally, faced with an ambiguous divorce decree and no state law resolution of the question, we independently review "the language of the decree itself" to "make our own determination as to the satisfaction of the § 71(b)(1)(D) requirement." *Hoover*, 102 F.3d at 846. We give greater weight to the "Money Judgment" section (rather than to the "Spousal Support" section) because it is the only section certified by both parties' attorneys.

The "Money Judgment" section of the decree expressly provides a termination-

---

1. Section 71(b)(1) sets forth four requirements for a payment to be considered alimony. *See Baker v. Comm'r*, 79 T.C.M. (CCH) 2050 (2000); *Heller v. Comm'r*, 68 T.C.M. (CCH) 730 (1994). The only requirement at issue here is § 71(b)(1)(D), which provides: "[T]here is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse." 26 U.S.C. § 71(b)(1)(D).

2. As originally enacted, 26 U.S.C. § 71(b)(1)(D) required that the termination on death of the payee spouse condition be expressly stated. A 1986 modification retroactively repealed this requirement, thus allowing ambiguous instruments to be saved by operation of state law. *Hoover*, 102 F.3d at 846.

3. "Notwithstanding the above, this obligation for spousal support shall terminate as above provided or upon the death of Wife, whichever first occurs."

on-death condition for the other two forms of spousal support identified in the decree, but not for the bonus payments in lieu of property. Plaintiffs nowhere argue that this omission was inadvertent. From this omission, we infer that the absence of a termination-on-death condition in the bonus payment paragraph was intended.

Because Mr. Fithian's obligation to make bonus payments was not subject to a termination condition, the decree fails to satisfy § 71(b)(1)(D).[4]

**AFFIRMED.**

4. Our conclusion is also supported by a provision in the divorce decree allowing Ms. Richard to retain legal title to shares of California Forensics Medical Group stock "for collateral purposes to secure payment of sums" owed to her under the decree. *See Hoover*, 102 F.3d at 848 (finding that payments were not subject to a termination condition based in part on the fact that the payee spouse received a lien on shares of stock to secure payments specified in the divorce decree).

