T.C. Memo. 2013-70

UNITED STATES TAX COURT

BRENDON JAMES DELONG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18045-11.                          Filed March 11, 2013.

Brendon James DeLong, pro se.

Nicole C. Lloyd, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, Judge: Respondent determined a $7,742[1] deficiency in and a

$1,494 accuracy-related penalty under section 6662(a)[2] with respect to petitioner's

_____

[1]All monetary amounts are rounded to the nearest dollar.

[2]All section references are to the Internal Revenue Code in effect for 2008,
and all Rule references are to the Tax Court Rules of Practice and Procedure,

(continued...)

[*2] Federal income tax for 2008. After concessions[3], we must decide two issues. The first issue is whether petitioner is entitled to deduct as alimony certain family support payments he made to his legally separated spouse. We hold that he is. The second issue is whether petitioner is liable for an accuracy-related penalty. We hold that he is not.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated by this reference. Petitioner resided in California when he filed the petition.

Petitioner was married to Tamsin DeLong (Ms. DeLong) before separating in 2006. Petitioner and Ms. DeLong had two children, who resided with Ms. DeLong after the separation. Ms. DeLong filed for divorce in the Superior Court of California, County of El Dorado (Superior Court).

While the divorce case was pending, petitioner and Ms. DeLong entered into a stipulated agreement that was incorporated into a temporary order of the

---

[2](...continued)
unless otherwise indicated.

[3]Respondent conceded at trial that petitioner was entitled to deduct $2,178 of spousal support payments made during September through December 2008.

**[*3]** Superior Court on December 6, 2007 (first support order). The first support order required petitioner to pay Ms. DeLong $3,000 as family support for January 2008.

The Superior Court issued a "Findings and Order After Hearing" (second support order) two months after the first support order was issued. Petitioner was obligated under the second support order to continue to pay Ms. DeLong family support payments of $3,000 per month until a trial in the divorce case was held. The Superior Court indicated in the second support order that the family support payments were for both spousal support and child support. It did not allocate, however, any specific portion of the family support payments as spousal support or child support in the second support order or the first support order.

The first support order and the second support order (collectively, support orders) did not explicitly contain a condition that would terminate petitioner's obligation to make the family support payments on Ms. DeLong's death. Petitioner made $24,491 in family support payments (family support payments) during 2008 under the support orders.

Petitioner filed an individual income tax return for 2008. He claimed on the return an alimony deduction for the family support payments. Respondent issued petitioner a deficiency notice that disallowed the claimed alimony deduction for

**[\*4]** the family support payments.  Petitioner timely filed a petition challenging respondent's determination.

OPINION

We must decide whether petitioner is entitled to deduct as alimony any amount of the family support payments even though they constituted an unallocated combination of spousal support and child support.[4]  A deduction from gross income is allowed for alimony payments to the extent such payments are includible in the gross income of the recipient spouse under section 71.  Sec. 215(a) and (b).  Whether a payment constitutes alimony within the meaning of sections 71(a) and 215(a) is determined by reference to section 71(b)(1), which defines an "alimony or separate maintenance payment" as:

> any payment in cash if--
>
> > (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

---

[4]The taxpayer generally bears the burden of proving the Commissioner's determinations are erroneous.  Rule 142(a).  The burden of proof may shift to the Commissioner if the taxpayer satisfies certain conditions.  Sec. 7491(a).  Resolving all factual issues here is based on a preponderance of the evidence, not on the burden of proof.  Therefore, we need not consider which party has the burden of proof.  See Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005).

[*5]        (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

        (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

        (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

A payment satisfying the preceding criteria is nevertheless not includible in the recipient spouse's gross income under section 71(a), and thus not deductible as alimony, if it qualifies as child support under section 71(c). Secs. 215(a) and (b), 71(a), (c).

We now turn to the general alimony requirements. Respondent does not dispute that the family support payments were made under a divorce or separation agreement or that petitioner and Ms. DeLong were members of different households when the family support payments were made. See sec. 71(b)(1)(A), (C). Respondent contends, however, that the family support payments fail to satisfy the general alimony requirements because they were designated as nonalimony and petitioner's liability to make them would have continued past Ms. DeLong's death. See sec. 71(b)(1)(B), (D).

**[\*6]**   We first consider whether petitioner had no liability to continue making the family support payments after Ms. DeLong's death as required under section 71(b)(1)(D).  Courts, including this one, have applied the following three-step approach to determining whether section 71(b)(1)(D) is satisfied.  See Kean v. Commissioner, 407 F.3d 186, 191 (3d Cir. 2005), aff'g T.C. Memo. 2003-163; Fithian v. United States, 45 Fed. Appx. 700, 701 (9th Cir. 2002); Lovejoy v. Commissioner, 293 F.3d 1208, 1212-1213 (10th Cir. 2002), aff'g T.C. Memo. 1999-273; Hoover v. Commissioner, 102 F.3d 842, 847-848 (6th Cir. 1996), aff'g T.C. Memo. 1995-183; Leventhal v. Commissioner, T.C. Memo. 2000-92.  The court first looks for an unambiguous termination provision in the divorce decree. Fithian, 45 Fed. Appx. at 701.  If there is no such provision, then the court looks to whether the payments would terminate at the payee's death by operation of State law.  Id.  And if State law is unclear, the court will look solely to the divorce decree to determine whether the payments would terminate at the payee's death.  Id.

The support orders did not expressly state that petitioner's liability for making the family support payments would terminate on Ms. DeLong's death. Accordingly, we must consider whether such termination would occur by operation of California law.

**[\*7]**   The California Family Code (Family Code) defines family support as an unallocated combination of spousal support and child support.  Cal. Fam. Code sec. 92 (West 2004).  California law provides that a spousal support obligation terminates upon the death of the payee spouse.  Cal. Fam. Code sec. 4337 (West 2004).  In contrast, a child support obligation survives the death of the payee spouse and continues as an obligation of the payor spouse under California law.  In re Marriage of McCann, 32 Cal. Rptr. 2d 639 (Ct. App. 1994); In re Marriage of Gregory, 281 Cal. Rptr. 188 (Ct. App. 1991).  Whether a family support obligation terminates upon the death of the payee spouse is not specifically addressed in the Family Code.  Additionally, respondent fails to cite, nor are we aware of, any California case that conclusively decides the question.

This Court more recently addressed the effect of a payee spouse's death on a family support obligation under California law in Berry v. Commissioner, T.C. Memo. 2005-91.  The facts of Berry are similar to the facts here.  In Berry, as here, the taxpayer was obligated to make California family support payments and claimed an alimony deduction for those payments.  The Commissioner in Berry, as here, argued that the family support obligation did not terminate upon the death of the payee spouse as required by section 71(b)(1)(D).

**[*8]**    After a careful and comprehensive analysis of California law, we held in

Berry that there is no continuing payment liability past the death of a payee spouse

with respect to a family support obligation.  We stand by our reasoning and analysis

in Berry.  Moreover, we do not find any distinguishable facts in this case that merit

a different result.  We therefore find that petitioner had no continuing liability for the

family support payments past the death of Ms. DeLong and that the section

71(b)(1)(D) requirement is met.

    We now consider whether the family support payments were designated as

nonalimony.  A payment will not be treated as alimony if it is designated as

nonalimony.  Sec. 71(b)(1)(B).  Respondent argues that the family support payments

were designated as nonalimony, at least in part, because the support orders indicate

the family support payments were partly for child support as defined in section

71(c).[5]  Accordingly, respondent's designation argument rests on whether any part

of the family support payments constitute child support.

    Child support is defined as any part of a payment that the terms of a divorce

or separation instrument[6] specifically fix (in terms of the amount of money or any

_____

[5]Child support is not includible in income under sec. 71(a) and not deductible
under sec. 215.

[6]"Divorce or separation instrument" includes a court decree requiring a
                                                                    (continued...)

[*9] part of the payment) as a sum that is payable for the support of the payor spouse's children. Sec. 71(c)(1). The statutory directive that child support payments be "fixed" is generally taken literally and child support cannot be inferred from intent, surrounding circumstances or other subjective criteria. See Commissioner v. Lester, 366 U.S. 299 (1961); Lawton v. Commissioner, T.C. Memo. 1999-243; Raymond v. Commissioner, T.C. Memo. 1997-219; Ambrose v. Commissioner, T.C. Memo. 1996-128. An amount fixed as payable for the support of the payor spouse's children, nevertheless, includes any amount specified in the instrument if that amount will be reduced on the happening of a contingency specified in the instrument relating to a child (e.g., attaining a specified age, marrying, dying, leaving school, or a similar contingency) or at a time that can clearly be associated with such a contingency. Sec. 71(c)(2).

The support orders make an unallocated award of spousal and child support. Consequently, they do not "fix" any portion of the family support payments as a sum that is payable for the support of petitioner's children for purposes of section 71(c)(1). See Commissioner v. Lester, 366 U.S. at 306; Ambrose v. Commissioner, T.C. Memo. 1996-128. Additionally, section 71(c)(2) does not

---

[6](...continued)
spouse to make support payments to the other spouse. See sec. 71(b)(2).

**[\*10]** apply here because there is no amount specified in the support orders that was to be reduced upon the occurrence of a contingency specified in the support orders relating to petitioner's children or at a time that can clearly be associated with that kind of contingency. Accordingly, we find that no amount of the family support payments qualifies as child support under section 71(c). We therefore reject respondent's argument that the family support payments were designated as nonalimony.

In sum, the family support payments constitute alimony, not child support. We ultimately find therefore that petitioner is entitled to deduct the entire amount of the family support payments for 2008.

We now address whether petitioner is liable for the accuracy-related penalty under section 6662. A taxpayer may be liable for a 20% penalty on the portion of an underpayment of tax attributable to certain causes. Sec. 6662(a) and (b). Because we reject respondent's disallowance of the alimony deduction for the family support payments, there is no underpayment for 2008, and petitioner is therefore not liable for the accuracy-related penalty.

We have considered all the arguments of the parties, and, to the extent we have not addressed them, we find them to be irrelevant, moot or meritless.

**[*11]** To reflect the foregoing,

<u>Decision will be entered for</u>

<u>petitioner</u>.